## STEPHEN B. DILLEY, Appellant

*vs.*

## ISAAC VAN WIE, and HARMAN B. VAN WIE, Respondent.

### SAME Appellant

*vs.*

### SAME Respondents.

#### APPEAL FROM DANE CIRCUIT COURT.

A note, the payment of which is contingent, or, by the terms thereof, subject to the equities between the parties growing out of a contemporaneous agreement, is not a promissory note within the meaning of the statute.

*Semble*, that the authority of an attorney to confess judgment on such a note by virtue of a general warrant of attorney attached, while such equities remain unadjusted, is at least questionable.

The attorney's warrant in such case extends only to the amount due, and when that depends upon the adjustment of equities between the parties, his authority to confess judgment must wait such adjustment and settlement of the amount due.

The appellant in this case caused a judgment, by confession, to be entered in the court below, on the third day of June, 1857, against the respondents, by virtue of a warrant of attorney for that purpose duly executed, upon the promissory note, in writing of the respondents, of which the following is a copy:

" $300                    MADISON, May 13th, 1856.

" On the 20th April, 18 57, after date, for value received, I "promise to pay Hiram Carter, or order, at the State Bank, " Madison, three hundred d ollars, with interest at the rate of "ten per cent. per annum till paid, from date, subject to the

" provisions contained in an agreement this day made between " said Carter and myself.

(Signed),          " ISAAC VAN WIE,
                   " HARMAN B. VAN WIE,"

Endorsed—" Pay the within note to Stephen B. Dilley, or order.

(Signed),                         " H. CARTER."

The judgment upon this note was for the sum of $333,31 damages, and $19,50 costs.

June 8th, 1857, the following affidavit was filed in the action, by the respondents, to wit:

Dane County, ss: Isaac Van Wie, being duly sworn, makes oath and says, that he is one of the defendants in the above entitled suit: that on the third day of June, A.D. 1857, judgment was entered in this cause, and against the said defendants. And this deponent further says that said judgment was entered upon cognovit, by warrant of attorney, under seal; that the note upon which said judgment was entered, contained a condition in words as follows: " Subject " to the provision contained in an agreement this day made " between said Carter and myself," that said note was given by this deponent and the said Harman B. Van Wie to Hiram Carter, the payee thereof: that the consideration of said note was the purchase by this deponent and Harman Van Wie of the said Carter's interest in the City Hotel in Madison; that said note was dated on the 13th day of May, A. D. 1856, and on the same day a contract or agreement was executed between this deponent and said Carter, wherein it was mutually agreed among other things:

" That should Abel Rasdall or Wm. M. Rasdall, the owner " and proprietor of the said hotel, refuse to allow, unto the " said Isaac Van Wie, (this deponent) the amount of the " improvements made by said Carter to the said hotel by the " erection and finishing of the addition thereto, being that " part of said hotel used as a dining room and bar room below, " bed rooms above, then, and in that case, the said Carter " is to deduct and allow to the said Van Wie out of the

"payments above named, the amount of said improve-
"ment, as the same shall be appraised by two disinterested
"persons, selected by the parties for that purpose;" And this
deponent further says the note on which judgment was
entered in this action, is one of the notes or payments alluded
to in the agreement aforesaid: that the said Rasdalls have
refused, and still do refuse, to allow to this deponent the
improvements described aforesaid: that it was the express
understanding and agreement between said Carter and this
deponent, that in case the said Rasdalls did not allow for said
improvements, the amount and value of the same should be
endorsed upon, and deducted out of, said notes mentioned in
said agreement, of which the note aforesaid is one; that the
value of said improvements as this deponent believes, is four-
teen hundred dollars or thereabouts, being nearly the amount
of said notes, not yet matured, as appears by said agreement,
and this deponent further says, that he has a good and valid
defense upon the merits, to the plaintiff's demand in this
action.

Subscribed and sworn, June 5th, 1857.

On the 8th day of June, 1857, the following order was
filed in the action:

"On reading and filing the affidavit of Isaac Van Wie,
herein, and upon reading the judgment roll in this cause, now
on file, on motion of Smith & Keyes of counsel for the defen-
dants, it is ordered that the said plaintiff, Stephen B. Dilley,
show cause on Monday, the 8th day of June inst., at 10 o'clock,
A. M., at the court house in open court, why the judgment
entered in this cause should not be set aside; and it is further
ordered, that a copy of this order and of the affidavit upon
which this order is in part founded, be served on the plaintiff
or his attorneys, at least two days before the said eighth of
June, inst."

Dated, June 5th, 1857.

(Signed.)　　　　　A. L. COLLINS, Circuit Judge."

The foregoing affidavit and order were served upon the attorneys for the appellant, June 6th, 1857.

The following is the order appealed from :

"An order having been made in this cause, requiring the said plaintiff, Stephen B. Dilley, to show cause why the judgment entered in this cause should not be set aside, and Mr. Atwood having been heard for the plaintiff, and Mr. Smith for defendants, the court, after being sufficiently advised, doth order and adjudge, that the judgment heretofore entered in said cause be and the same hereby is set aside, and vacated, with ten dollars costs, and that the plaintiff have leave to withdraw the papers from the files of said court."

*Atwood and Haskell* for appellant.

*Smith and Keyes* and *E. T. Sprague,* for respondents.

NOTE.—The two cases are substantially alike, and the proceedings are upon notes of the same tenor in each.

*By the Court,* SMITH, J. We think the circuit Court did right in setting aside the judgment entered in this case. The instrument in writing on which judgment was rendered is not a promissory note. Its payment is made subject to a contingency, or rather to the equities between the parties growing out of a contemporaneous agreement between the same parties. This is expressed upon the face of the (so-called) note, and deprives it of its commercial character. Nor does the warrant of attorney help the matter, for the power to confess judgment is only for the amount due, and that must depend upon the equities before mentioned, which would require to be adjusted before the authority of the attorney to confess the judgment would be complete. See Story on Promissory Notes, § 22, et. seq,,; Chit. on Bills, 134, 154; 5 D. & E., 482.

The assignee of the note took it with full knowledge of outstanding equities disclosed upon the face of the note, and is entitled to no protection. We are not disposed to extend the powers of attorneys, who act upon warrants of attorney, beyond their just limits.

We are of the opinion that the circuit court was right in vacating the judgment, and that the order must be affirmed that the parties may have an opportunity of trying their respective claims upon their merits.

Order of the court below is affirmed with costs.