.BLAIKIE *vs.* GRISWOLD et al.

APPEAL FROM CIRCUIT COURT, RACINE COUNTY.

Heard October 13, 1859.] [Decided January 4, 1860.

*Practice—Warrant of Attorney—Judgment—Complaint— Court Commission.*

Where a party has a negotiable promissory note and warrant of attorney on which he enters judgment, and describes himself as the assignee of the payees, such description may be regarded as merely *descriptio personæ,* and does not vitiate the declaration.

A party having a promissory note and warrant of attorney, may file a declaration in common counts, with a copy of the note, and such declaration will be treated as a complaint under the code.

An affidavit made by the attorney of the party, which states that he is the attorney, &c., and also the amount actually due on the note upon which he is entering judgment by cognovit, is sufficient to sustain the judgment; without stating that he makes the affidavit on behalf of the plaintiff in the action.

Blaikie vs. Criswold et al.

Where a judgment is entered upon a warrant of attorney for a less sum than is act-, ually due, the defendant cannot assign that cause as error in the judgment.

A judgment by cognovit may be entered in the circuit court without leave of the court, within a year of the date of the warrant of attorney, in vacation. And the record of the judgment may be signed by a court commissioner.

Courts have a general discretionary control over judgments entered upon a warrant of attorney, and can protect the defendant from any imposition or fraud which may intervene.

Andrew Blaikie filed his declaration, describing himself as the assignee of James A. Smith and Charles B. Smith, against Harry Griswold and Franklin J. Burcham, as partners, &c., in the common money counts, to which was appended a notice in the usual form, that the claim was founded upon two promissory notes, each for $2,317,50, dated January 23, 1858, payable to the Smiths, in 90 days from date, on one of which was indorsed $719,03. There was a power of attorney to confess judgment, dated the same day, which was also filed. The attorney for Blaikie made the following affidavit:

"Peyton R. Morgan, being duly sworn, deposes and says, that he is one of the attorneys for the plaintiff in this action; that there is actually due to the plaintiff, as such assignee, on the promissory notes hereto annexed, the sum of four thousand two hundred and ninety-eight dollars and sixty-nine cents.

PEYTON, R. MORGAN."

Subscribed and sworn, &c.

A plea of confession in the usual form was also filed, and judgment was signed by L. B. S. Miller, court commissioner, on the 4th of Jan., 1859, for $4298,69 damages, and $18,64 costs. On the 18th of April, 1859, the defendants moved the circuit court to vacate the judgment: 1. Because no valid judgment had been entered in the action: 2. Because the plaintiff did not file a complaint in the action: and 3d. Because the proceedings in the action are illegal, irregular, and void. This motion was accompanied with an affidavit of the defendants; which confessed the making of the notes, and warrant of attorney; that afterwards they had bought $2000 worth of goods of the Smiths, and had paid $2800 to apply on the judgment notes, and there was due the Smith's, on the 4th of January, $4,444,02; on which this judgment

was entered, and execution sued out and levied on their goods, &c. That afterwards they had paid $1000 to be applied on the judgment; and that on the 19th of February they had made an assignment in favor of creditors, and deny that they had ever authorized any person to enter the cognovit for them.

On the 19th of April, 1859, the circuit judge granted the motion, and set aside the judgment; from which order the plaintiff appealed to this court.

*H. T. Sanders,* for the defendants.

The judgment entered in the court below on the bond and warrant of attorney, was erroneous, because, 1. The complaint should, by some appropriate averment, show that the action was instituted by the plaintiff in his representative character as assignee. R. S. 721, § 3; id. 714, § 12; *Russell vs. Clapp,* 7 Barb., 482; *Parker vs. Totten,* 10 How. Pr., 233; 17 Wend., 197; Voor. Code, 126–7; Van Sand. Pl., 172.

2. The plaintiff filed a *narratur* containing the common counts, and did not file a complaint as required by law. R. St., chap. 140, § § 12, 15; chap. 125, § § 1, 2, 3, 10. The forms of pleading heretofore existing is abolished. R. Stat., 721, § 1; 1 Abb. Pr., 348; 12 Howard, 156.

The legislature, in terms, prohibited the entry of judgment upon bond, or note and warrant of attorney, as provided by law before the passage of code, by repealing sec. 329, p. 109 of the code of 1856, and the passage of sec. 12 to 15 inclusive, Rev. Stat. chap. 140.

3. The affidavit of indebtedness is not in conformity with sec. 14, chap. 140, Rev. Stat.; it does not appear that the affidavit is made for, and on behalf of the plaintiffs. Rev. Stat. 723, § 18, 19.

4. The power to confess judgment is only for the amount due upon the notes, to be ascertained by computation. The amount due on notes January 4th, 1859, was $4,444 02. Judgment was entered for $4,298 69; showing that there were equities which the attorney attempted to adjust, thereby violating his authority. He cannot adjust equities, or strike a balance. *Dilley vs. Van Wie,* 6 Wis., 209.

5. The signing and rendering of a judgment is the exercise of a judicial power, which cannot be vested in a court commissioner. Con., Art. 7, § 2; *Conroe vs. Bull,* 7 Wis., 408.

A judgment is the final determination of the rights of the parties to the action. Rev. Stat., p. 756, § 257. Judgment upon confession shall, in the first instance, be entered, upon the direction of a circuit judge. Rev. Stat., 758, § 25. The signing of a judgment, as provided for by section 15, chapter 140, Rev. Stat., is a ministerial, and not a judicial act.

6. Judgment by confession, drawn by the plaintiff, when the defendant has no adviser, must be carefully watched by the court, that they be not used to oppress unwary defendants. 11 How., 456 ; 6 Wis., 209.

7. It appears by the affidavits of Griswold & Burcham, that after the rendition of the judgment, the rights of creditors intervened, by virtue of the assignment; as against them the judgment is fraudulent and void. 17 N. Y. Rep., 9 ; 2 Kern., 215 ; 16 J. C. R., 320, 329 ; Abb., 503 to 516 ; 10 How., 494 ; id., 231 ; Vooh. Code, 516, note and cases cited ; 1 Abb., 354.

*Wording & Morgan, and Matt. H. Carpenter*, for appellant, relied on chap. 140, §§ 12, 13, 14, and 15, R. S., to sustain the judgment, and insisted that chap. 125, § 3, had nothing to do with it.

2. The phrase "assignee," &c., in the complaint, was merely *descriptio personæ*, and may be rejected, as surplusage. *Sheldon vs. Hoy*, 11 How., Pr. 15 ; *Merritt vs. Seaman*, 2 Seld., 168.

3. The answer and affidavit is in strict conformity with the requisitions of the statutes, chap. 140, § 14.

4. After answer or *verdict*, and by parity of reasoning, after *judgment*, the court will support the complaint by every legal intendment, if there is nothing material on record to prevent it. *Addington vs. Allen*, 11 Wend., 375 ; *Carrol vs. Peake*, 1 Peters, 18 ; *Stimpson vs. Gilchrist*, 1 Green., 202 ; *Ayers vs. Covill*, 18 Barb., 260 ; *Slack vs. Lyon et al.*, 9 Pick., 62 ; *Anderson vs. Read*, 2 Overt., 205 ; *Brown, Administratrix, vs. Harmon et al.*, 21 Barb., 508 ; *Associates of the Jersey Company vs. Halsey*, 2 South., 750.

5. The warrant of attorney to confess judgment authorized a release of all errors, and the signers of the same can take no advantage of the acts of their attorney in waiving defects in pleading. *Portage Canal Manufacturing Co. vs. Crittenden*, 17 Ohio, 436.

6. The courts having a general discretionary power over judgments entered by confession on bond or note and warrant of attorney, in cases free from fraud or imposition, and espe-

cially when the rights of intervening judgment creditors are not prejudiced, should allow all proper amendments for the furtherance of justice, or disregard such defects when the substantial rights of the adverse party are not affected. Rev. Stat., §§ 37 and 40, chap. 125; *Davis vs. Morris et al.*, 21 Barb., 152; *Johnson vs. Fellerman*, 13 How., 21; *Lawless vs. Hackett*, 16 John., 149.

7. Judgments by confession may be valid as to parties, though void as to judgment creditors. *Chappell vs. Chappel*, 2d Kern., 215; *Stebbins vs. East Society of the Methodist Episcopal Church, Rochester*, 12 How., 410; *Beekman, Admr. of William Barthrop, vs. Kirk*, 15 How., 228; *Seaving & Mead vs. Brinkerhoff*, 5 J. Ch. R., 329.

8. Defendants in judgment must resort to their writ of error, or appeal, for the correction of irregularities or errors in the pleadings or proceedings. *King vs. Shaw*, 3 John., 142; *Wyman vs. Campbell*, 6 Port., 218.

9. The particular grounds of the motion to vacate the judgment should appear in the notice of the motion, or the affidavit on which it is founded. *Whitehouse vs. Pearce et al.*, 9 How., 35; *Ellis vs. Jones, Sheriff, &c.*, 6 How., 296; Rule 22 Circuit Court.

*By the Court*, PAINE, J. We do not discover upon this record any good ground for setting aside the judgment. The judgment was entered upon a warrant of attorney, given by the respondents for the amount due upon a promissory note, and the proceedings appear to be in strict conformity to section 12, chap. 140, R. S., 1859, and the subsequent sections in that chapter. In the commencement of the complaint, the plaintiff describes himself as assignee of James A. Smith and Charles B. Smith; and it is objected that the complaint should, by some appropriate averment, show that the action was instituted by him in his representative character, as assignee. The plaintiff had possession of the note, which was negotiable, and endorsed by the payees; and we think the mode of describing himself may be regarded merely as

*descriptio personæ.* 1 Chitty's Pl., 151, 2; *Merritt vs. Seaman,* 2 Seld., 168.

Further, it is insisted that the plaintiff did not file a complaint, according to the requirements of the code. The complaint was the old declaration, upon the common counts, with notice that two promissory notes, copies of which were given, constituted the cause of action. This is perhaps not technically such a complaint as is required by the code, but it is a matter of form, rather than substance, and does not affect the substantial rights of the parties. We therefore think it should be disregarded, after judgment. § 40, chap. 125, R. S., 1859.

But again it is said that the affidavit of indebtedness is not in conformity to section 14, chap. 140, R. S., because it does not state that it was made for and on behalf of the plaintiff in the action. The affidavit, it appears, was made by Peyton R. Morgan, who deposed, in substance, that he was one of the attorneys for the plaintiff in the action, and that there was actually due the plaintiff, upon the promissory notes annexed to the complaint, the sum of four thousand two hundred and ninety-eight dollars and sixty-nine cents. Although the attorney does not state, in so many words, that he makes the affidavit on behalf of the plaintiff, yet he swears that he is one of the plaintiff's attorneys in the action, and this fact discloses his means of information as to the precise amount due upon the notes, and also sufficiently shows his connection with the suit, and authority to make the affidavit. We consider the affidavit made to be substantially in conformity to the statute.

It was further objected, that the warrant of attorney only authorized a confession of judgment for the precise amount due upon the notes, while by computation it appears that judgment was confessed for less than the real amount due. We do not think that this is an error of which the respond-

ents have any right to complain. If the plaintiff chooses to take judgment for less than he is entitled to, the respondents are in no wise prejudiced by it. It is not analogous in principle to the case of *Dilley vs. Van Wie et al.*, 6 Wis., 209, cited upon the brief of counsel.

A still further objection has been taken to this judgment, which is, that it was entered in vacation, and although authorized by the statute, is yet void, under the constitution of this state. The argument in brief is this : that the rendition of a judgment involves the exercise of judicial power which can only be performed in this state by a court in term. There is nothing upon this record which shows that this judgment was not entered in court, except, perhaps, the circumstance that the judgment is signed by a court commissioner ; and therefore it is sufficient to say, that this question, as to whether the legislature cannot provide for the entering of judgments upon warrants of attorney in vacation, does not fairly arise in the case. This question, which confessedly is one of considerable practical importance, has been raised and discussed in other causes argued at this term, and an opinion will be given distinctly upon the point, in which the validity of these judgments will be sustained. *Wells vs. Martin, post.*

Having concurred in the correctness of the decision which upholds these judgments, it may be permissible for me to state, in answer to the argument made upon the opposite side, in this case, one or two reasons which led my mind to the conclusion, that it was competent for the legislature to provide for the entering of judgments upon warrants of attorney in vacation. Nothing like a general discussion of the question is proposed. The judicial power being vested in certain courts, by the constitution, it is claimed, that the legislature cannot authorize the rendition of a judgment without the intervention of those courts. A judgment is defined to be the decision or sentence of the law, given by a court of justice, as

the result of proceedings instituted for the redress of injury. 11 Peterdorf's Ab., 640, title, judgment; 3 Black. Com., 395 and 396. By section 25, chap. 132, R. S., 1859, it is defined to be the final determination of the rights of the parties to the action. This determination implies the sentence of the law pronounced and declared by the court upon questions raised in the suit.

There are various kinds of judgments; as where the facts are admitted by the parties, but the law disputed; where the law is admitted but the facts disputed; where both the facts and law are admitted, as well as other judgments well known to the profession. In the case where both the law and facts are admitted by the parties, as they are upon a judgment by confession, there is no occasion for the exercise of the judicial faculty, and the entering of the judgment becomes a clerical or ministerial act. True, the language of the judgment may be in the case, " *consideratum est per curiam,*" but still, if this form means anything, it is only that by the sentence of the law the plaintiff is entitled to recover. And when there is judgment on confession or by default, there is, properly speaking, no exercise of the judicial faculty, no consideration by the court.

But if this reasoning is considered too refined and nice to meet the objection, another answer may be given to the argument. The practice of entering up judgments in vacation was well established in England, and in many of the states, at the time of the adoption of the constitution. Within a year and a day from the date of the warrant of attorney, judgment might be entered according to its terms as of *course,* without leave of the court, either in vacation or term, 2 Arch. Pr., 23 : " And if either party die in vacation, within a year after giving the warrant of attorney, judgment may be entered up, of course, at any time after, in that vacation; and it will be a good judgment at common law, as of the preceding term,

Blaikie vs. Griswold et al.

though it be not so upon the statute of frauds in respect of purchasers, but from the signing." 1 Tidd., 551. Leave to enter up judgment on warrant of -attorney, after the year and a day, was obtained by a motion in term or by order of a judge in vacation, 2 Chitty's Gen. Pr., 335 ; 3 id., 669.

Substantially the same practice prevailed in New York, where it is held, that within a year and a day from the date of the warrant of attorney, judgment may be entered without obtaining any order for that purpose; but that after that period has elapsed, there must be an order either by the court or a judge at chambers. 5 Hill, 497. This practice of entering up judgments in vacation, on warrant of attorney, was well understood by the framers of the constitution, and we do not think they intended to change or abolish the practice by any provision of the constitution. We have seen that whenever an order is necessary for entering up judgment on a warrant of attorney, such order may be granted by a judge at chambers within ten years from the date of the warrant. The granting of this order was an ordinary duty of the judge at chambers.

Section 23, Article VII, of the constitution, reads as follows : " The legislature may provide for the appointment of one or more persons in each organized county, and may vest in such person such judicial powers as shall be prescribed by law : provided, that such power shall not exceed that of a circuit judge of chambers." From this provision it is apparent that the framers of the constitution, by vesting the judicial power of the state in certain courts, could not have intended by this section, to restrict or deprive a circuit judge of any power which he might exercise at chambers at common law, or to inhibit the legislature from conferring this same power upon court commissioners. And the legislature having provided that judgments on warrants of attorney might be entered without action when the judgment is signed by a judge or court commissioner, and the other provisions of the statute

Blaikie vs. Griswold et al.

are complied with; I can perceive no constitutional objection to the practice.

It is clear, that if the position be sound, that a judgment, by the force of the term, implies, in all cases, deliberation and consideration by a court, and is always an act of the judicial mind applied to the law and facts in question, there can be no such thing as a judgment entered in vacation anywhere. For the proposition assumes that a *court* alone is competent to render a judgment, and if so, then no judgment entered in vacation is valid, since it is no judgment. Now, whether by legal relations and legal fictions, or by any other process of reasoning, judgments entered on a warrant of attorney in vacation, can be supported, quite certain it is, that they have been considered good and valid judgments, when no other objection to them existed, and where the practice of entering them in vacation has obtained.

In some of the states, neither the statutes, or rules of court, provide for the entering of judgments by confession in vacation. The legislature of this state has seen fit to adopt the practice, and I think it was competent for it to do so. Courts have a general discretionary control over judgments entered upon warrant of attorney, and can protect the defendant from any imposition or fraud which may intervene. It does not appear that there was any error in entering the judgment in this cause, and we therefore think that the circuit court improperly set it aside.

The order of the circuit court, setting aside the judgment, is reversed.