June Term, 1861.

SECOND WARD BANK
v.
UPMAN et al.

---

### THE SECOND WARD BANK VS. UPMAN and another.

The writ of error *coram nobis*, if it still exists in this state (a point not here determined), cannot be resorted to for the purpose of reversing a judgment after a *motion* to vacate the judgment, upon the same grounds that are relied upon in support of the application for the writ, has been made and denied.

The fact that the order denying such motion to vacate made by two judgment debtors, was without prejudice to the right of *one* of them to move to set aside the judgment as to *himself*, will not prevent that decision from operating as a bar to the issue of such writ.

APPEAL from the County Court of *Milwaukee* County.

On the 7th of January, 1859, a judgment was entered in the county court of Milwaukee county, in favor of the *Second Ward Bank of Milwaukee* against *Diedrich and Henry Upman*, on a note and warrant of attorney, for $2104 and costs. In February, 1860, the defendants moved to set aside the judgment and all other proceedings in the action, upon the

ground, among other things, that the note and warrant of attorney, which were signed only in the firm name of "D. Upman & Son," were signed by said *D. Upman* in the absence of *Henry Upman* and without his authority, knowledge or consent, and that said *Henry* had never consented to or ratified the execution or delivery of the note or warrant. This motion the court denied, without prejudice to the right of the defendant *Henry Upman* to move to set aside said judgment as to *himself.* On the 2d of January, 1861, the county judge granted an order on the plaintiff to show cause before him at chambers on the 4th of the same month, why a writ of error *coram nobis* should not be allowed in said action. The affidavit upon which this order was based set forth the same facts which had been relied upon in support of the previous motion to set aside the judgment. The parties having been heard, the judge, on the 7th of the same month, made an order denying the writ. On the 1st of April, 1861, the defendant moved in open court that said last mentioned order be set aside, and said writ be granted. The court denied this motion, and confirmed the previous order made at chambers; from which decision the defendants appealed.

*Carpenter & Gridley,* for the appellants, contended that the county court of Milwaukee had power to issue the writ of error *coram nobis.* (1) The supreme and circuit courts of this state have full power to issue all original and remedial writs. Constitution, Art. VII, secs. 3 and 8. (2) The county court of Milwaukee county has the same powers as the circuit courts in actions over which it has jurisdiction. Though a court of *limited* jurisdiction, it is not, in the technical sense of that term, an *inferior* court. 10 Wheat., 192. (3) The writ in question is well known to the common law, and was in familiar use in most of the states of the Union when our constitution was adopted. It is more frequently used than many of the common law writs which are admitted to be within the power of our courts to issue. 2 Chitty's Gen. Pr., 593; 2 Tidd's Pr., 1136-7; 1 Archb. Pr., 234; Graham's Pr., 775; *Dewitt vs. Post,* 11 Johns., 460; *Arnold vs. Sandford,* 14 id., 417; *Smith vs. Kingsley,* 19 Wend., 620; *Crawford vs. Williams,* 1 Swan (Tenn.), 345; *Camp vs. Ben-*

June Term,
1861.

SECOND WARD
BANK
v.
UPMAN et al.

*nett*, 16 Wend., 48 ; *Land vs. Williams*, 12 S. & M., 362 ; *Reid vs. Strider*, 7 Grat., 76. Counsel also cited sec. 21, Art. I, Constitution of Wis.; sec. 30, chap. 139, R. S. 2. The motion to vacate the judgment, previously made and denied, did not bar this writ of error. (1) When a party has taken a proceeding in a certain cause, and the court has decided against him, he cannot repeat *the same proceeding* in that cause. Such were the cases of *Hill vs. Hoover*, 9 Wis., 15, and *Greatheard vs. Bromley*, 7 Term R., 455. A motion to quash an indictment, a demurrer to it, and a motion in arrest of judgment on account of defects in the indictment, may all be made in succession. So in civil cases, a demurrer to the declaration overruled does not preclude a motion in arrest of judgment, nor a writ of error. (2) The decision on the motion to vacate expressly saves the rights of *Henry Upman;* he may therefore maintain this writ of error. This he can only do in the name of *Diedrich Upman*, as well as his own name. It is a general principle that a judgment on joint contract, and in force against two, but erroneous as to one, can only be set aside by writ of error in favor of both. 2 Burrill's Pr., 135–136 ; *Brewer vs. Turner*, 1 Strange, 233; *Cooper vs. Ginger*, 1 Strange, 606 ; *Walker vs. Stokoe*, 1 L. Raym'd, 71 ; *Andrews vs. Bosworth*, 3 Mass., 223 ; 18 Pick., 417 ; 3 Dana, 454 ; 4 How. (Miss.), 337 ; 4 Yerg., 158 ; 1 Port., 277 ; 2 Bibb, 392 ; 8 Pet., 522 ; 4 S. and Marsh., 732.

*Smith & Salomon*, for respondent :

1. The writ of error *coram nobis* or *coram vobis* does not lie in this state. It is obsolete. The remedy in modern practice for such errors as it was designed to reach, is by motion. *Pickett's Heirs vs. Legerwood*, 7 Peters, 147. Section 21, Art. I, of our constitution, relates only to the writ for the correction of errors at law, that being what is meant in law books by a writ of error, without further description. 2. No writ of error can issue out of the county court of Milwaukee county, it being a court of limited jurisdiction, and there being no law authorizing it to issue such a writ. *The People vs. Common Pleas of Oneida*, 20 Johns., 22. 3. The entire matter sought to be inquired into by the writ was *res adjudi-*

*cata* in the same suit. *Hill vs. Hoover,* 9 Wis., 15 ; *Pickett's Heirs vs. Legerwood, supra.*

Other points discussed by the counsel, but not passed upon by the court, are omitted.

June Term, 1861.

SECOND WARD BANK
v.
UPMAN et al.

*By the Court,* DIXON, C. J. The authorities cited show that the writ of error *coram nobis* still exists in many of the states, but whether it does in this we need not now determine. Conceding that it does, we are of opinion that the defendants are bound by the decision upon the previous motion to set aside the judgment upon the same grounds now urged in support of the writ. It cannot be denied that for a long time past the same ends have been attained by motion, and that this practice has in great measure superseded the use of the writ. The practice by motion is so familiar and undisputed in this state, that a reference to authorities is hardly necessary. *Blackie vs. Griswold,* 10 Wis., 293, and *Reid vs. Case* [ante, p. 429], are cases where it has received the sanction of this court. "In practice," say the supreme court of the United States, in *Pickett's Heirs vs. Legerwood,* 7 Peters, 147, "the same end is now generally obtained by motion, sustained, if the case require it, by affidavit; and it is observable that so far has the latter mode superseded the former in British practice, that Blackstone does not even notice this writ among his remedies. It seems it is still in frequent use in some of the states; and upon points of fact to which the remedy extends, it might perhaps be beneficially resorted to as a means of submitting a litigated fact to the decision of a jury; an end which under the mode of proceeding by motion might otherwise require a feigned issue, or impose upon a judge the alternative of deciding a controverted point upon affidavit, or opening a judgment, perhaps to the material prejudice of the plaintiff, in order to let in a plea. But in general, and in the practice of most of the states, this remedy is nearly exploded, or at least superseded by that of amending on motion." There can be no doubt, therefore, that the county court could either have set the judgment aside upon the motion absolutely, or have opened it upon condition, as that it should stand as se-

December 30.

curity to abide the final result, and let in the defendants to answer and establish by the verdict of a jury the facts upon which they relied to defeat it. The refusal to do so is a bar to this proceeding. For it cannot be successfully maintained that a party who has two or more remedies open to him for the same cause of action, or complaint, and who has resorted to one of them, prosecuted it to a final hearing and there been defeated, may then turn around and pursue another, as if no proceedings had already been taken. There would be no reason or justice in such a doctrine, and it is opposed by the authorities. See the case of *Simpson vs. Hart*, cited in *Pierce vs. Kneeland*, 9 Wis., 33, which will be found fully in point and directly the other way. We have at present two modes by which the judgments of the circuit and county courts in actions at law may be reviewed in this court,—a writ of error and an appeal. If a party to such judgment should prosecute one of these to final hearing and decision here, we think the learned counsel for the appellants would not insist that he could afterwards bring up the same judgment by the other. The two cases seem to us to be precisely analogous. And they appear to bear no practical resemblance to the case put, of the indictment, where the party may first move to quash, and then demur, and finally move in arrest of judgment, and on each succeeding occasion urge the same objections. By the course of practice, the motion to quash, the demurrer and the motion in arrest, are regarded in the law as so many *distinct* steps, which may be successively taken in the action, and each of which is designed to accomplish a *different* purpose, and not as *concurrent* remedies for the accomplishment of the *same* purpose.

The position that the rights of the defendant *Henry Upman* are saved by the order overruling the motion, is not sustained by the record. The motion was denied without prejudice to his right *to move to set aside the judgment as to himself.*

Order affirmed.