## CULVER vs. HITCHCOCK.

Where, after judgment entered in favor of the plaintiff, the verdict has been set aside and a new trial granted on motion of the defendant, he cannot proceed by writ of error to reverse the judgment, although it has not been formally vacated—an order for vacating it being grantable as of course upon his application therefor in the circuit court.

ERROR to the Circuit Court for *Rock* County.

*J. A. Sleeper*, for plaintiff in error.

*Sloan, Patten & Bailey*, for defendant in error.

*By the Court*, DIXON, C. J.  In this case the writ of error must be dismissed.  It was sued out on the 30th day of August, 1864, upon a judgment on verdict entered September 1st, 1862.  On the 21st of January, 1863, the plaintiff in error, defendant below, moved in that court to have the verdict set aside and a new trial granted, and prevailed upon the motion.  It does not appear that the judgment has been formally vacated; but such an order would follow of course upon application in that court after setting aside the verdict and granting a new trial.  The plaintiff in error cannot have both remedies.  He cannot move in the court below for a new trial and obtain it, and then come here for the same purpose upon a writ of error.  The order which he has already obtained upon the motion is a bar to his application upon this writ.  See *Second Ward Bank v. Upman*, 14 Wis., 596.

Writ dismissed.