McCABE vs. SUMNER and another.

VACATING JUDGMENT. (1) *When service of verified answer not required.* (2-7) JUDGMENTS BY CONFESSION: *Practice in vacating them.* STATUTES, CONSTRUCTION OF. (4) *Literal compliance not always sufficient.*

1. Where a motion to set aside a judgment is founded on *irregularities* in entering it up, service of a verified answer is not required as a condition of relief. *Levy v. Goldberg, ante,* 308, distinguished.

2. The rule that courts have an *equitable* supervision over judgments entered upon *warrants of attorney,* and that the burden is on the defendant to show some *wrong* or *injustice* in the judgment, appears to rest on the *release of errors* usually found in such warrants, and not found in this case.

3. While there are mere irregularities for which, under sec. 40, ch. 125, R. S., judgments upon warrants of attorney should not be disturbed, yet courts will look closely into them to see that no substantial injustice has been done defendants.

4. A reasonable effect must be given to the provisions of a statute, according to its object; and a mere literal compliance is not always sufficient.

5. The statute for the entry of judgment on warrant of attorney, which declares that "the plaintiff, or some one in his behalf, shall make and annex to the complaint an affidavit stating" certain facts, requires an affidavit of one *knowing the facts;* and when made by a stranger, it must state the affiant's *means of knowledge;* and, *it seems*, should also disclose why it is not made by plaintiff. *Blaikie v. Griswold*, 10 Wis., 293, so far as in conflict with this decision, overruled.

6. In such a case, the affidavit, made by the attorney, stated as the amount due, the whole amount appearing to be due on the face of the paper in suit, but did not show the affiant's means of knowledge; and it appears from defendant's uncontradicted affidavit, that a large proportion of that amount had been previously paid. *Held*, that the judgment, being made to appear oppressive as well as irregular, should be set aside upon motion seasonably made.

7. A motion to vacate a judgment entered on *cognovit* is in time if made *at the same term*. *Ætna Ins. Co. v. McCormick*, 20 Wis., 265.

APPEAL from the County Court of *Winnebago* County.

Plaintiff filed a formal complaint, setting forth a note executed by defendants, with a warrant of attorney, dated August 23, 1873; a formal answer in behalf of defendants, confessing judgment; and an affidavit of the attorney by whom the answer was filed, stating merely that the amount due upon the note was $226.67, with interest at ten per cent. from its date, with ten per cent. attorney's fees to be taxed as costs.

Judgment was entered for the amount claimed by the affidavit, with $25 attorney's fees. Defendants, at the same term, moved to set aside the judgment, because, among other reasons, it was for a sum in excess of that due; and because no affidavit of the amount due was made as required by law.

In support of the motion, the affidavit of the defendant *Sumner* was filed, stating, among other things, "that on the 15th of October, 1875, in behalf of said defendants, he paid

upon said instrument the sum of $215.25 at the First National Bank of Oshkosh, where said note, by its terms, was made payable; that defendants have, ever since said last mentioned day, left the said sum in said bank, as such payment, and the same is still in the hands of said bank for the use of the plaintiff or of the holder of said instrument, if not already appropriated by said holder; and that, before the entry of said pretended judgment, the amount payable by the terms of said note had been paid, except $57.00 and interest thereon from October 15, 1874."

Plaintiff offered no counter evidence upon the hearing of the motion. Motion denied; and defendants appealed.

The cause was submitted by both sides on briefs.

*Jackson & Halsey*, for appellants, argued, among other things, that courts have control over judgments entered upon warrants of attorney, and should protect the defendant, upon motion, from any mistake, imposition, or fraud which may intervene in entering judgment. *Jones v. Keyes*, 16 Wis., 562. The judgment is required to be entered in a precise form. R. S., ch. 140, secs. 12–16. The proceeding must conform strictly to the statute, or it is of no avail. *Plant v. Holtzman*, 4 Cranch C. C., 441. The affidavit required by the statute is not an idle ceremony, but must be made by the plaintiff, or by some person having knowledge of the facts, and authorized to act in behalf of plaintiff. See *Reignolds v. Davis*, 12 Mod., 383. And the record must show the authority to act (*Hill v. Hoover*, 5 Wis., 354), and that affiant has knowledge of the facts. 2. The uncontradicted affidavit of *Sumner*, accompanying the motion to vacate, showed that at the time of entering judgment the note had been mostly paid.

*Finch & Barber*, for respondent, argued that the ordinary rule, that the party seeking relief must make out his case by a preponderance of evidence, is applicable to a motion to vacate a judgment by confession. *Williams v. Hernon*, 33 How. Pr., 241; 3 Keyes, 99. The affidavit filed with the com-

plaint states positively the amount due. The amount is matter of evidence, and this affidavit satisfied the court below. Appellants have shown no defense, and have not asked to file any answer. Nor does it appear that plaintiff could not, even if the judgment were set aside, immediately obtain a like judgment again.

RYAN, C. J. The motion in this case was founded upon irregularities in entering up the judgment; and is therefore not an appeal to the discretion of the court, in which a verified answer disclosing merits should be served with the motion papers, as held in *Levy v. Goldberg*, presently decided [*ante*, p. 308]. It would indeed be more satisfactory, in cases like this, if the motion were founded upon a verified answer, and not on a mere affidavit of the defendant. But when the motion goes upon irregularity, we do not feel at liberty to require a verified answer as a condition of relief.

It is true that it has been held that the supervision of courts, on motion, over judgments entered upon warrants of attorney, is of an equitable character; and that the burden is on the defendant to show some wrong or injustice in the judgment. That rule appears to rest on the release of errors usually found in warrants of attorney. *Van Steenwyck v. Sackett*, 17 Wis., 645. Here there is no release of errors.

Aside, however, from release of errors, there are doubtless mere irregularities which should not have weight, under sec. 40, ch. 125, R. S., to disturb a judgment upon a warrant of attorney. But courts have generally, and we think rightly, looked closely into such judgments, to see that no substantial wrong has been done to the defendants, either in the judgments themselves or in the amounts for which they are entered up. And the equitable power which should not be invoked for immaterial irregularities, should surely be exercised against substantial injustice done by substantial irregularities.

When judgment is entered up upon warrant of attorney,

there is special reason that the complaint should be verified. The statute, however, does not require a formal verification of the complaint; but, evidently as a substitute and equivalent for it, requires the plaintiff, or some one in his behalf, to annex to the complaint an affidavit stating the amount due. For it would not only be dangerous to give judgment in such manner without some proof of the actual debt, and unjust to render judgment for the whole, where part only is due, but the warrant of attorney is authority to confess judgment for the amount due only. *Dilley v. Van Wie*, 6 Wis., 209. That case is stronger than it appears in the report; for we find by the record that the warrant was to confess judgment for *the sum appearing to be due* according to the tenor of the note; yet the court held the authority limited by the amount actually due. And the affidavit which the statute requires is not a mere form, but goes to substantial rights of the parties. When the plaintiff himself makes the affidavit, it would probably be sufficient merely to state the amount due in the terms of the statute; because he is presumed to know the precise sum due upon the contract which he holds. But when some one else on his behalf makes the affidavit, we are inclined to think that the affidavit should disclose why it is not made by the plaintiff; and we are quite clear that it should state the means of knowledge of the person making it, within the rule of *Crane v. Wiley*, 14 Wis., 658. It is true that the statute does not in terms require this, as in the verification of a complaint; but the reasoning of that case applies as forcibly to the affidavit annexed to the complaint in cases of confession; and the necessity of a strict rule is far greater. Without stating his means of knowledge, a person not a privy to the contract may well be presumed to found his affidavit upon the tenor and effect of the contract only; saying no more than the contract says as well or better, and giving no assurance to the court of the justice of the judgment, which the contract itself does not give. Such an affidavit, made by a stranger not dis-

closing his means of knowledge, has little significance. A reasonable effect must be given to the provisions of a statute, according to its object, and a mere literal compliance will not always do. The statute here requires an affidavit of one knowing the fact. And there is no presumption that a stranger knows the fact, unless he disclose how he came to know it. A plaintiff taking judgment on a warrant of attorney, who cannot make the affidavit for himself, cannot be allowed to cheat the statute by getting the affidavit of one knowing nothing of the matter, not disclosed by the contract itself.

We are aware that the affidavit in *Blaikie v. Griswold*, 10 Wis., 293, is open to the same objection, overlooked by the court in that case; the court considering the affidavit to be substantially in conformity to the statute. But there objection was specially made to the affidavit's not stating that it was made on behalf of the plaintiff. The attention of the court was called to that point only, and the substantial defect of the affidavit was overlooked. And so far as that case may be in conflict with this, it must be considered overruled.

The record before us fully justifies our present view. The attorney probably meant no more in his affidavit than that the whole amount appeared to be due on the face of the paper itself. And the appellant's affidavit, in support of the motion, showed a payment of a large proportion of the amount before the attorney's affidavit was made. Some criticism was made upon the manner in which the payment is stated in the appellant's affidavit; but there was no denial of it on the respondent's part; and, for the purposes of the motion, it must be taken for true, like an uncontradicted statement upon information and belief.

The judgment was therefore not only irregular, but was made to appear unjust and oppressive. And, as the motion appears to have been made in time, within the rule of *Ætna Ins. Co. v. McCormick*, 20 Wis., 265, it should have been

granted. *Dilley v. Van Wie, supra; Second Ward Bank v. Upman*, 14 Wis., 596; *Jones v. Keyes*, 16 id., 562.

*By the Court.*—The order of the court below is reversed.