ELLER, Appellant, vs. MILLER, Respondent.

*December 8, 1909—January 11, 1910.*

*Injunction against judgment on cognovit.*

1. An injunction restraining the entry or enforcement of a judgment on cognovit should be granted only when necessary for the efficient protection of the debtor.
2. Such a judgment being subject to be set aside on motion so far as it is excessive, or to be vacated to permit the interposition of meritorious defenses or counterclaims, a mere threat to enter a judgment for an excessive amount upon a judgment note does not warrant an injunction, in the absence of any showing that the holder of the note is insolvent so that claims of the maker against him cannot be collected.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

The appeal is from an order vacating a temporary injunction.

The temporary order was allowed on a verified complaint to the effect that the defendant, at the time of the commence-

ment of this action, held plaintiff's judgment note for $9,000, upon which $540 for interest had been paid, and to which certain specified defenses and counterclaims existed, but, nevertheless, he was about to take judgment thereon, ignoring the payment and such defenses and counterclaims, and would do so unless prevented by an injunction, to plaintiff's irreparable loss. Plaintiff sought, by the action, to prevent the threatened judgment and have the rights of the parties in respect to all matters adjudged, and judgment rendered accordingly. Attached to the complaint, as an exhibit, was a copy of a letter written to plaintiff by defendant's attorney informing him that, unless the note should be paid by a day named, judgment would be entered, as stated.

No fact was alleged as to the solvency of defendant, or that plaintiff's claims, so far as legitimate, were not readily collectible at law; nor was any showing made that, in case of a transfer of the note, it would not still be subject to the alleged defenses and counterclaims, and no reason was stated why, in case of an improper or inequitable entry of judgment, plaintiff could not obtain relief by a vacation thereof and permission to interpose the defenses and counterclaims substantially in form and effect as in a legal action.

The temporary injunction restrained the defendant, during the pendency of the action, or until the further order of the court, from parting with title to the note or entering judgment thereon. Defendant moved for a dissolution of the temporary injunction, on affidavit, to the effect, among other things, that the notification to the plaintiff that judgment would be entered, regardless of the payment of interest, was an inadvertence; that there was no such intent and that defendant was solvent and able to respond for any judgment which might, in any proceeding, be rendered against him upon plaintiff's claims.

There was an opposing affidavit, not controverting, however, the claim of inadvertence on defendant's part, nor absence of

intention to take judgment without allowing the payment of interest, nor controverting defendant's statement as to his solvency.

*George H. Katz,* for the appellant.

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by *A. W. Fairchild* and *G. S. Canright.*

MARSHALL, J.    The claim is made that equity jurisdiction is invokable, generally, to restrain the enforcement of a judgment on cognovit, citing *United Brethren Church v. Vandusen,* 37 Wis. 54, and that, logically, it is available to prevent an unjust entry of such a judgment.

The learned counsel misapprehends the scope of *United Brethren Church v. Vandusen.* It is often found stated that a judgment on cognovit may be questioned in equity; that relief from injustice in such a case is not confined to such as may be obtained by motion in the proceedings, nor defenses to proceedings to enforce the judgment. *Brown v. Parker,* 28 Wis. 21; *Smith v. Willing,* 123 Wis. 377, 101 N. W. 692. The rule in that regard does not go to the extent of rendering equity jurisdiction available in all cases.    It is proper when needed for efficient protection of the judgment debtor, ordinary remedies not reaching the case at all or doing so only inadequately.    There is nothing otherwise in either of the cases cited to our attention, decided by this court.

Here, had judgment been entered according to the alleged threat, the court, on motion, would have set it aside as to excessiveness and protected plaintiff, in case of his having meritorious defenses or counterclaims, by opening the proceedings, so far as necessary for that purpose, and permitting proper issues to be formed and tried, as in an action in equity or at law, according to the necessities of the situation.    *Jones v. Keyes,* 16 Wis. 562; *Dilley v. Van Wie,* 6 Wis. 209; *Blaikie v. Griswold,* 10 Wis. 293; *Second Ward Bank v. Upman,* 14 Wis.

596.   No reason whatever is perceived why appellant could not readily have obtained all needed relief without an independent action in equity.

The circumstance that judgment had not been entered does not give any greater right to equitable interference than would have otherwise existed, since the mere threat to take an excessive judgment did not work any prejudice to appellant. The threat, if carried out, would, as to the excess, have been easily remediable on motion, and no showing was made, as stated, indicating that appellant cannot recover any sum respondent ought, under any circumstances, to credit on the note.   Moreover, the uncontradicted affidavit of respondent states such competency.   ·

Furthermore, it appears, uncontradicted, that there was no danger whatever of the entry of judgment for an excessive amount.

It follows, that, whether the court dissolved the temporary injunction for want of equity to warrant the use of its extraordinary jurisdiction, or because, in any event, appellant did not need the temporary injunction for protection from any probable harm; in other words in the exercise of discretionary power, the order was proper.

*By the Court.*—Order affirmed.