## ,SUPREME COURT.

WILLIAM HULBURT and MARY CAROLINE, his wife, agt. BYINGTON
NEWELL.

In suits brought by infants, a next friend is not necessary, nor is he liable for costs only in
cases where the infant is *sole plaintiff*. A suit must be commenced *in the name* of an in-
fant—sole plaintiff—to entitle the defendant to security for costs. (2 R. S. 446, § 2.) An
*attorney* is only liable for costs, ($100,) where the defendant could have required security
to be filed. *Held*, that where a husband and infant wife brought a suit, jointly, the de-
fendant was not entitled to security for costs, although the husband was appointed and
named in the proceedings as next friend of the wife.

*Wayne Special Term, July,* 1849.—*Motion for* $100 *costs against the
plaintiff's attorney.* The husband, whose wife was an infant, united with
her in bringing an action against the defendant for a demand claimed
to be due her before her marriage. The action was in their joint names
and the husband, before the commencement of the suit, being himself
of full age, was appointed next friend for his wife, and, in addition to
being named as plaintiff, was also in the proceedings styled next friend.

The defendant required the husband to file security for the costs of
the suit, which he refused to do. Having succeeded in defeating the
action, the defendant now moves for costs against the plaintiff's at-
torney.

JOHNSON, Justice.—By 2 R. S. 446, § 2, before any process can be
issued in the name of an infant who is *sole plaintiff*, some competent and
responsible person must be appointed to appear as next friend in the
suit, who shall be responsible for the costs thereof. Where the suit is
commenced in *the name of any infant* whose next friend has not given
security for costs, the defendant may require *such plaintiff* to file secu-
rity for the payment of the costs that may be incurred. In such case,
*where the defendant at the commencement* of the suit shall be entitled to
*require security for costs*, the attorney shall be liable for such costs not
exceeding $100, whether security has been demanded or not. (2 R. S.
620, § 1–7.)

From the plain reading and intent of the statute, a next friend is only
necessary where an infant is sole plaintiff, and it is only in such cases
that such next friend is chargeable with the costs of the suit. The at-
torney is only liable where the defendant could have required security
for costs to be filed—and this can be done only where the suit has been
commenced in *the name* of an infant, and not where an infant is only
named as one of several plaintiffs. A suit cannot be said to have been
commenced *in the name* of one of several plaintiffs. It is then a suit in

their joint names, and not in the name of either one of the parties who unite in the prosecution. Here the suit was in the name of the husband and wife, and not in that of the wife alone, and no security could have been required at the commencement of the suit, or at any other time. The husband, being an adult, was liable for the whole costs, at all events, in case of defeat. This makes the statute harmonious in all its provisions, on the subject of suits brought by infants. No next friend is necessary, except where the infant is sole plaintiff, and *then* the liability for costs is imposed. Nor can the defendants require security for costs to be filed in any other case. The suit must be commenced *in the name* of the infant. So that, whether we adopt what writers have denominated a rigorous construction, by adhering to the sense of the words of the statute, or that tempered by the equity and spirit of the law, the attorney is not responsible.

Motion denied, but without costs.