Linner *v.* Crouse.

Judgment accordingly.

[THIRD DEPARTMENT, GENERAL TERM, at Albany, January 2, 1872. *Miller*, P.·J., and *Parker* and *Daniels*, Justices.]

———————

FREDERICK LINNER, by his guardian John Linner, *vs.* WALTER CROUSE.

ANN LINNER, by the same guardian, *vs.* The same defendant.

The suing by a next friend, in cases of actions brought by infants, is, of *necessity*, repealed by section 115 of the Code. And the new system nowhere provides for the guardian of an infant giving bail; but gives the defendant an equivalent in section 316, by making the guardian liable for costs.

THIS is an appeal from an order made at special term, denying a motion to compel the plaintiffs to file security for costs, on the ground that the plaintiffs were infants.

*James E. Dewey*, for the appellant.

*D. S. Morrell*, for the respondent.

*By the Court*, POTTER, J. Before this action was commenced the plaintiffs applied, upon petition, to the county judge of the county of Montgomery, that being the county in which the trial was to be had, for the appointment·of guardians for the plaintiffs, respectively. The petition was signed by the father of the·infants, who were under the age of 14 years, respectively. The affidavit annexed to the petitions set forth that the proposed guardian was respon-

sible to the amount of $250, over and above his debts and responsibilities, which he owed, or had incurred, exclusive of property exempt from execution. Upon this petition and affidavit the county judge made the appointment. The appointment was legally and properly made. The order making it was a judicial act, made upon the papers presented to the judge. Jurisdiction was thereby given to commence the action, and there is but one question upon this appeal to be considered, namely: Has the defendant a legal right, pending the action, to demand security for costs, and have a stay of proceedings in the action until such security be given and perfected. This was denied by the order appealed from.

The Code was intended to establish a new system of practice, and in order to clear the way to secure this object, it expressly abrogated all existing rules and practice in civil actions inconsistent with the Code; but where the former rules and practice were consistent with the Code they were to continue, subject to the power of the courts to relax, modify, or alter them. (*Code*, § 469.) And not only were the former rules and practice abrogated for this purpose, but all statutory provisions of law inconsistent with this new system were expressly repealed by section 468. This Code being a remedial statute, and its intent being thus made so clear, and its object being to remove all obstructions in the way of establishing this new system, the courts are bound to see that everything is done, by way of advancing the remedy, that can be done consistently with any construction that can be given to that end. Section 168 declares, further, that all rights of action given, or secured, by existing laws may be prosecuted in the manner provided by the Code.

Starting then, under this system, and regarding all other statutes as repealed, and rules and practice abrogated, that interfere, or are inconsistent with it, an infant plaintiff is to come into court by a guardian to be ap-

Linner *v.* Crouse.

pointed by the court, or a judge thereof, or by a county judge. (§ 115.) The appointment, as we have said, is a judicial act. It should be the duty of the court, or judge, when called upon to exercise this power, to exercise it judiciously and discreetly, so that the rights of the parties are, or shall be, protected; and he should see to it, that the person he appoints is a responsible, as well as a suitable, person to be entrusted with that power; not only for the security of the defendant, but for the security of the infant, for whom he is appointed to act. In this case, the evidence of responsibility of the proposed guardian was before the judge, and, it is to be presumed, was passed upon by him. These papers are, or should be, filed, so that they can be seen by the parties interested. If, however, any fraud, or imposition, should have been practised upon the judge, or an omission to file the papers, or the irresponsibility of the guardian should be made to appear, on motion, it would be in the power of the court to correct the injustice. This would seem to be a reasonable protection of itself; and this seems to be in perfect accordance and harmony with another provision of the same Code, (§ 316,) which adds a new provision for the defendant's security; that is, "that when costs are adjudged against an infant plaintiff, the guardian, by whom he appeared in the action, shall be responsible therefor, and payment thereof may be enforced by attachment." Surely, the defendant has not lost any security by this change of system. True, this system does not provide, in express terms, that the guardian shall give bail in the first instance, but it provides a reasonable substitute by this 316th section. And the court still possesses the power, in the exercise of a proper discretion, in case of abuse, to require justice to be done in this regard, if an irresponsible guardian be appointed. But the defendant, in addition to these reasonable protections provided in this system, claims it as a legal right, that the guardian should also

give security for costs, under the provisions of the Revised Statutes ; claiming that they are not inconsistent with the provisions of the Code, and that there can be no repeal by implication. If the legislature intended to introduce the new system of the Code, as a substitute for the old system under the Revised Statutes, then they did not intend that both systems should be in force. They certainly did intend that the Code should be in force. I do not think they intended to add new and onerous burthens upon the rights of infant plaintiffs, or their protectors, by whatever name they may be called, in obtaining their legal rights. Upon principle, there is no more reason why a defendant should be secured for his costs, when litigating with an infant plaintiff, than with an adult plaintiff, and in a system that makes guardians of infant plaintiffs liable for costs when given by the courts against their wards, there is as little danger of their commencing improper actions in behalf of infants, as for themselves. It is unnecessary to say, in technical language, that the Revised Statutes, in relation to a next friend, giving security for costs, is *repealed* by the Code, or to discuss the necessary repugnancy of the one to the other, so as to make a repeal by implication. I am not certain but it may be a repeal both expressly and by implication, under the idea of the substitution of one system for the other. Taking the title of the Code, which is, "An act to simplify and abridge the practice, pleadings and proceedings of the courts of this State," followed by providing such a system by which, in itself, all statutory provisions inconsistent with it are repealed, leaves nothing for a court to decide but that it is inconsistent for both systems to be in force, and that the latter must, by established rules of construction, take the precedence. This is but another form of saying that the latter statute repeals the former. The suing by a next friend is, of *necessity*, repealed by section 115 of the Code. The new system nowhere provides for the guardian of an

This question has never really been directly adjudicated, so far as I have seen in the reports, but once, which was by a divided court, in *Grantman* v. *Thrall,* at general term, in the 7th judicial district, reported in 29 *How. Pr. Rep.* 344, in which the majority of the court, in a brief opinion, came to the same conclusion as is herein expressed. While it is to be regretted that the statutes have not 'left this question so clear as could be desired, they must still have interpretation by the court, when presented. We have given it what we regard the most reasonable construction, in the views we have above expressed; and the result is, that the order of the special term must be affirmed. But we think it such a case of new construction of a question of intent of the statute, and of the practice, that it should be without costs.

[Schenectady General Term, April 5, 1870. *Bockes, Potter, Rosekrans* and *James,* Justices.]

