# DANIEL B. SOULE *vs.* SAMUEL WINSLOW.

*Malicious prosecution. Pleading.*

In a suit brought by Samuel Winslow, next friend to Harrison Joy, a minor, &c., Samuel Winslow is the plaintiff.

The plaintiff is not liable in such case for malicious prosecution, when the suit is thus erroneously brought, if done without his knowledge or consent.

The execution for costs in such case should run against the plaintiff of record, Samuel Winslow.

In a suit by a minor, he should be declared as plaintiff, "who sues by S. W., of—&c., the next friend of the said plaintiff," &c.

ON MOTION FOR A NEW TRIAL.

CASE, for a malicious prosecution, in instituting an action which purported to be brought by Samuel Winslow, as next friend of Harrison Joy, a minor, to recover from Mr. Soule the boy's wages for two months' labor performed under an agreement for a longer term of service which was not binding upon the boy on account of his minority. Mr. Soule tendered seventeen dollars and the amount recovered in that suit did not exceed this sum. The facts are more fully stated in the opinion.

The justice of the superior court, before whom the present cause was tried, gave appropriate instructions upon the necessity of satisfactory proof of the existence of malice and probable cause and upon all other legal questions arising at the trial. The jury gave a verdict for the plaintiff for one hundred and forty-one dollars and sixty-seven cents, which the defendant moved to have set aside as against law and evidence and the instructions given by the court.

*Motley & Blethen* for the defendant.

*Mattocks & Fox* for the plaintiff.

APPLETON, C. J. This is an action on the case against the defendant for a malicious prosecution.

It seems that one Harrison Joy, a minor, agreed to work for

the plaintiff a year. There was evidence tending to show that he was to receive one hundred and twenty-five dollars for his labor, likewise to show that the original bargain was for a year at one hundred and twenty-five dollars, or for six months at eighteen dollars per month. It appears that after working over two months Joy left, as the plaintiff testifies, of his own mere motion; but as Joy says, at the plaintiff's motion, he being dismissed by him. After Joy left, he called three times for his pay, but was unable to obtain it. He then sent his demand to an attorney for collection, claiming thirty-six dollars for his labor. The plaintiff tendered Joy's attorney seventeen dollars for the debt and one dollar for costs, which not being accepted, the suit which is the basis of the alleged malicious prosecution was commenced.

Harrison Joy being a minor, the agreement as to time and compensation, was not binding upon him. It is immaterial, therefore whether it was as claimed by him or as it was subsequently reduced to writing. Joy would be entitled to a reasonable compensation for his services during the time he labored for this plaintiff, and they would be more valuable for some portions of the year than at other portions. His compensation might therefore much exceed the average rate of wages he was entitled to receive if he labored for a year.

The suit, so far as the evidence disclosed, was commenced by Joy. The defendant, at the request of the attorney, permitted his name to be used as *prochein ami.*

If the suit is to be regarded as commenced by Joy by the defendant as his next friend, it is difficult to see how there is evidence of want of probable cause or of malice on his part. He had thrice demanded payment and it had thrice been refused. There was no binding contract for the price. The contract as testified to by him and the defendant was in the alternative, and by its terms he might have $18 per month for six months. As the labor was for $18 per month for a part of the alternative term, it is not evidence of want of probable cause and of malice that he should claim the rate of payment provided in case of six months' service.

The action for malicious prosecution "must be supported by want of probable cause and by malice conjoined, but the most vindictive and express malice in the prosecution, apart from the other constituent of the action will not do." *Marshall* v. *Maddox*, 6 Littell's Select Cases, ·106. To sustain this action the want of probable cause should be clear and unsuspicious. *Rogers* v. *Haines*, 3 Maine, 362. But in the suit against the plaintiff, judgment was recovered against him, so that the record shows not merely probable but actual cause of action. It would be a novel doctrine to hold that the mere claim of more than is recovered on the money counts or on an account annexed were to be held as constituting such want of probable cause that malice was the necessary and legitimate inference.

When the case against the plaintiff came on for trial, reliance was placed upon the tender and its sufficiency was established. Judgment was rendered for the amount tendered without costs, and the defendant (now plaintiff) recovered costs against Joy. But the non-acceptance of a tender is not evidence of malice, while the tender is evidence of probable cause to the extent of the tender. It was for Joy to accept or reject the tender as he might deem most expedient.

It is manifest that upon the evidence, no action could have been maintained against Joy for malicious prosecution. The defendant as *prochein ami* was not a party liable for costs. *Leavitt* v. *Bangor*, 41 Maine, 458. The court may appoint a *prochein ami*, or revoke his appointment, whenever such course shall be deemed necessary for the protection of the minor. *Guild* v. *Cranston*, 8 Cush., 506

As Joy could not be held liable for malicious prosecution in commencing a suit, if it is to be regarded as his, neither can the next friend be held liable, for a suit lawfully commenced, nor would the using of language indicating ill will make him so liable.

Thus far, we have proceeded upon the assumption, that the suit claimed to be malicious was brought by Joy by the defendant, as his next friend. But such was not the fact. The plaintiff in that

suit was required to answer "to Samuel Winslow of Freeport, in the county of Cumberland, next friend of Harrison Joy of said Freeport." It thus appears by the record that Winslow was the plaintiff and not Joy. But there is no evidence that he ordered or expected the suit to be so commenced or knew that it had been done. But a plaintiff, in whose name an action has been brought without his authority, cannot be held liable for a malicious prosecution. The judgment of nonsuit should have been rendered in the case, and this plaintiff would then have recovered his costs as he claimed at the time. Had he filed exceptions to the ruling of the court denying them, they would have been sustained, and this plaintiff would have had judgment for all his costs legally taxable. But a neglect to file exceptions on the part of this plaintiff does not give him any new rights, or enlarge those before possessed by him.

Instead of resisting the claim sued, the plaintiff, without necessity, admitted its justice and submitted to a judgment against him to the amount of the tender, thus conceding a right of action, when none existed. *Motion sustained. New trial granted.*

WALTON, DICKERSON and PETERS, JJ., concurred.

BARROWS and VIRGIN, JJ., concurred in the result.