## VANCE v. FALL.

1. **Costs: NEXT FRIEND.** In the absence of a statute providing otherwise, the next friend in an action by an infant plaintiff is liable for costs.

*Appeal from Monroe District Court.*

### SATURDAY, APRIL 20.

J. C. F. VANCE is a minor. This action was brought by Samuel Vance, his next friend. Recovery was sought of defendant for an alleged malicious prosecution, and for slanderous words spoken of said J. C. F. Vance. There was a trial by jury, and a verdict and judgment for the defendant. The court rendered judgment against Samuel Vance, as next friend, for the costs of the action. Exceptions were entered to the judgment, and an appeal therefrom was taken. Afterward, Samuel Vance filed a motion to retax the costs, which motion was overruled, and an appeal was taken.

*H. B. & L. C. Hendershott,* for appellant.

*Perry & Townsend* and *Dashiell & Andrews,* for appellee.

ROTHROCK, CH. J.—At common law, and by the Statute of Westm., 16, 48, and 2 C., 15, an infant cannot sue in his own name, but the action must be brought by his guardian or next friend. The Code, § 2565, provides that an action of a minor must be brought by his guardian or next friend. This is a simple recognition of the common law rule. The rule always has been, and the Code provides, that "costs shall be recovered by the successful against the losing party." Whatever exceptions there may be to this rule need not now be considered.

Our statute being merely declaratory of the common law, the question presented by this appeal must be determined by

ascertaining the rights of the parties, independent of any statute.

It appears that it has almost uniformly been held that the next friend of an infant plaintiff is liable for costs, except in those jurisdictions where such liability is regulated by statute. Schouler's Dom. Relations, 594, and authorities cited in notes; 1 Am. Leading Cases, 325, 329; Bacon's Abridgment, vol. 5, 153.

At common law, the next friend of an infant plaintiff was not a competent witness in the action, because of his liability for costs. 1 Greenleaf's Evidence, §§ 347, 391.

The Code of 1851, § 1689, provided that the next friend should be responsible for costs. In the Revision of 1860, and in the present Code, there is no such express provision. It may be said that the repeal of the provision making him liable indicates a legislative intent that there should be no such liability. We think, however, that as that provision was merely declaratory of the common law, it may well be said it was omitted because the next friend is liable without any statutory enactment.

AFFIRMED.