JOHN A. VOORHEES, by his next friend, Charles M. Jameson,

*v.*

BERNARD M. POLHEMUS et al.

A next friend is entitled to be re-imbursed out of the estate of the person in
whose behalf he sues, though his suit is unsuccessful, if it appears that he acted
in good faith and with reasonable caution, and simply with a view to protect
a person who was unable to protect himself.

On petition and notice.

*Mr. John Schomp* for application.

*Mr. W. W. Anderson, contra.*

VAN FLEET, V. C.

This is an application by the *prochein ami* of an habitual
drunkard, to be re-imbursed, out of the estate of the drunkard,
the taxed costs of an action he brought in this court on behalf
of the drunkard, against the drunkard's guardian, and in which
he was defeated.

The rule which I think must govern the decision of the ap-
plication, is thus stated by Mr. Daniell: " The court is extremely
anxious to encourage, to every possible extent, those who will

Voorhees v. Polhemus.

stand forward in the character of next friend on behalf of in-
fants, and will, whenever it can be done, allow the next friend
the costs of any proceedings instituted by him for the infant's
benefit, out of the infant's estate, provided he appears to have
acted *bona fide* for the benefit of the infant." *1 Dan. Ch. Prac.*
*79.* This rule is taken substantially from judgments pronounced
by Lord Hardwicke and Lord Eldon. In *Whitaker* v. *Marlar,*
*1 Cox Ch. 285,* Lord Hardwicke held that no degree of mis-
take or misapprehension would be sufficient to charge a *pro-
chein ami* with costs as against the infant's estate. He said:
" Whoever will stand forward in that character on behalf of
infants, is to be encouraged to every possible extent, while he can
be supposed to intend the infant's benefit." Lord Eldon, subse-
quently, somewhat restricted the liberality of the rule, and held
that a *prochein ami* was not, as against an infant's estate, entitled
to the costs of an unsuccessful suit, when it appeared that he
could, by the exercise of reasonable diligence, have ascertained,
before suing, that there was no real ground of action. *Pearce* v.
*Pearce, 9 Ves. 548.*

When a *prochein ami* has acted in good faith and with reason-
able caution, and it appears that in coming forward as the cham-
pion of a person who, in consequence of his legal disability,
was unable to maintain and defend his rights in his own name,

Note.—In the following cases the *prochein ami* was allowed costs: On dis-
missing the infant complainant's bill, *Taner* v. *Ivie, 2 Ves. Sr. 466;* on sustain-
ing one of two suits for the infant's benefit and dismissing the other, *Cross* v
*Cross, 8 Beav. 455.*

Under some circumstances in chancery the *prochein ami* has been held liable
for costs, *Jones* v. *Lewis, 1 De G. & Sm. 245; Sproul* v. *Botts, 5 J. J. Marsh.
162; Sikes* v. *Crissman, 35 Mich. 96; Waring* v. *Crane, 2 Paige 79; Ryder's
Case, 11 Paige 185; Stephenson* v. *Stephenson, 3 Hayw. 123;* or not allowed
costs if the suit appeared not to have been instituted for the infant's advan-
tage, *Clayton* v. *Clark, 3 De G. F. & J. 682.*

Ordinarily, the infant himself pays no costs in chancery, *Perkins* v. *Hamond,
1 Dick. 287; Smith* v. *Smith, 13 Mich. 258;* but see *Turner* v. *Turner, 2 P.
Wms. 297; Anonymous, 4 Madd. 461; Price* v. *Sykes, 1 Hawks 87.*

At law, an infant is liable for costs, *Gardiner* v. *Holt, 2 Stra. 1217; Thrust-
out* v. *Percivall, Barnes 183; Finley* v. *Jowl, 13 East 6; Dow* v. *Clark, 1 Cr. &
Mees. 860; Evans* v. *Davis, 1 Cr. & Jer. 460; Lane* v. *Norris, 1 Harr. & McH.*

he was influenced solely by a desire to protect a defenceless person, there is not only manifest justice in re-imbursing him for his outlay, out of the estate of the person whose interests he has unsuccessfully attempted to protect, but such a rule of practice is absolutely essential to the safety and security of a large number of persons who are entitled to the protection of the law—indeed, stand most in need of it—but who are incompetent to know when they are wronged, or to ask for protection or redress. The right to re-imbursement does not at all depend upon the special cause which produced the disability. · The rights of the *prochein ami,* in this respect, are the same whether the disability of the person whom he has sought to protect arises from infancy, non-sane mind or drunkenness.

The question then to be decided on this application is, did the next friend in this case act in good faith, with reasonable caution, and with a view to protect the interests of the person in whose behalf he brought the suit? The suit was brought to prevent the guardian from completing a sale of standing timber, belonging to the estate of the drunkard, at a price which it was alleged was grossly inadequate. The auctioneer who conducted the sale of the timber, swore to a state of facts which, if true, rendered it entirely certain that the guardian was either wantonly indifferent to the interests of his ward, or was attempting, by means

*459; Beasley v. State, 2 Yerg. 481; but see Grave v. Grave, Cro. Eliz. 33; Turner v. Turner, 1 Stra. 708; Bouche v. Ryan, 3 Blackf. 472; Smith v. Floyd, 1 Pick. 275; Howett v. Alexander, 1 Dev. 431; as well as the prochein ami, Slaughter v. Talbott, Willes 190; Newton v. London R. R., 7 Dowl. & L. 328; James v. Hatfield, 1 Stra. 548; Marnell v. Pickmore, 2 Esp. 473; Hawkes v. Cottrell, 3 H. & N. 243; Sinclair v. Sinclair, 13 M. & W. 640; Perryman v. Burgster, 6 Port. 99; Smith v. Gaffard, 33 Ala. 169; Wilson v. McGee, 2 A. K. Marsh. 600; Yeizer v. Stone, 7 Mon. 189; Soule v. Winslow, 64 Me. 518; Blood v. Harrington, 8 Pick. 552; Baltimore and Ohio R. R. v. Fitzpatrick, 36 Md. 619; Dalrymple v. Lamb, 3 Wend. 424; Mason v. McCormick, 75 N. C. 263; Vance v. Fall, 48 Iowa 364; but see Leavitt v. Bangor, 41 Me. 458; Crandall v. Slaid, 11 Metc. 288; Brown v. Hull, 16 Vt. 673; see, also, Cotheal ads. Morehouse, 1 Zab. 335.*

　　In some states it is now regulated by statute, *Holmes v. Adkins, 2 Ind. 398; Tague v. Hayward, 25 Ind. 427; Klaus v. State, 54 Miss. 646; Cook v. Rawdon, 6 How. Pr. 233; Linner v. Crouse, 61 Barb. 289.*—REP.

of the sale, to take a fraudulent advantage of him. The case made by the affidavit was strongly calculated to arouse the sympathy and indignation of any person who hated wrong and loved justice. Its statements need not be repeated. Being made under the sanctity of an oath, I think the next friend was bound to believe them, and if he did believe them he was unquestionably justified in going to the rescue of the helpless person whose interests were represented to be imperiled. The auctioneer subsequently made another affidavit, in which he falsified every material statement set forth in his first. The last, it now appears from other affidavits in the case, is the more truthful of the two. The suit of the next friend failed, because the sworn statements which induced him to sue turned out to be false. I think his right to be re-imbursed is clear.