## N. O. Granholm vs. C. Sweigle, et al.

Opinion filed December 5th, 1893.

**Guardian Ad Litem—Personal Liability for Costs—Contempt—Construction of Statute.**

Section 5200 reads: "Where costs are adjudged against an infant plaintiff the guardian by whom he appeared in the action must be responsible therefor and payment thereof may be enforced by attachment." Construing said section, *held*: *First*, that the obligation of the guardian to pay such costs arises upon the law, and does not in any degree depend upon an order of court directing the guardian to pay such costs; and hence, where such an order is made, it cannot be enforced by a proceeding as for a contempt of court against the guardian. Disobedience of such an order does not constitute a contempt of court. *Second*, No *ca. sa.* attachment proceedings—such as exist in the State of New York—have been authorized by any statute in this state whereby a guardian can be taken into custody and imprisoned for the nonpayment of such costs. *Third*, The nonpayment of such costs does not constitute a tort or a fraud, within the meaning of § 15 of the state constitution, and hence the omission to pay (not being a contempt of court) would not authorize a court to arrest and incarcerate the guardian for nonpayment upon any civil process whatsoever. Accordingly *held*, further, where in such case, after entry of judgment for costs against an infant plaintiff, the District Court, after hearing the guardian upon an order to show cause, ordered that the guardian be imprisoned in the county jail until the said costs were paid, that such order was without warrant of law, and null and void.

Appeal from District Court, Richland County; *Lauder*, J.

Action by N. O. Granholm, by A. E. Sunderhauf, guardian *ad litem*, against C. Sweigle and C. F. Sweigle. There was judgment for defendants for costs of suit, and from an order committing the guardian for contempt in failing to pay the costs he appeals. Reversed.

*W. E. Purcell*, for appellant.

*Curtiss Sweigle*, for respondents.

WALLIN, J. In this action the appellant was appointed guardian *ad litem* for the plaintiff, who was an infant. A judgment for the costs of the action was entered against the infant plaintiff, and, payment of such costs having been demanded of the appellant by the defendants' counsel, and payment thereof having been refused, the defendants' counsel upon an affidavit made by him,

applied to the District Court, and obtained an order of the court requiring the appellant to "show cause why attachment should not be issued to enforce the payment of such costs as by law provided." Upon the return day of the order a hearing was had before the court, and, among other things done, the appellant filed his own affidavit, containing among other things, the following: "That he is not a trustee, and no property came to his hands belonging to N. O. Granholm; that he is a citizen and resident of the State of North Dakota; that he has no property or funds out of which the judgment in the above entitled action can be paid, and that he is not able to pay the same." After hearing counsel, the District Court decided that no cause was shown "why said attachment should not issue," whereupon the court made its final order in the proceeding, which order, so far as it is material, is as follows: "Therefore you are hereby commanded forthwith to attach the person of A. E. Sunderhauf, guardian of the plaintiff in the above entitled action, and confine him in the county jail of the County of Richland, State of North Dakota, until such time as the costs adjudged against said plaintiff be and are fully paid; said costs amounting to the sum of $21.60." An exception was saved to the last mentioned order, and Sunderhauf appeals from such order to this court. A motion to dismiss the appeal was made in this court, but, inasmuch as the motion was based upon grounds which, in our opinion, are untenable, we have denied the same, and shall, in view of the importance of the question involved, dispose of the case upon its merits, without discussing the points in detail made upon the motion.

The attachment proceeding is based upon a section of the Code of Civil Procedure relating to costs, (Comp. Laws, § 5200,) which is as follows: "When costs are adjudged against an infant plaintiff the guardian by whom he appeared in the action, must be responsible therefor and payment thereof may be enforced by attachment." The section in question was borrowed at an early day by the territorial legislature from the State of New York, where the same language appears as § 316 of the New York Code

of Civil Procedure. At least two cases arising under the statute have been decided at general term by the Supreme Court of New York. The first and leading case is that of *Grantman* v. *Thrall*, 31 How. Pr. 464, and the case cited was approved in *Linner* v. *Crouse*, 61 Barb. 289. In the case first cited the court at special term refused to grant an order imprisoning the guardian *ad litem* for refusing to pay the costs which had been adjudged against the infant plaintiff. In that case, as in the case at bar, the guardian made affidavit disclosing to the court his want of means, and inability to pay the costs. The special term order was reversed on appeal to the general term, the court of review holding, in substance, that the poverty of the guardian could not be urged as a defense to an order of commitment for nonpayment of such costs. In the opinion, *Johnson*, J., speaking for the court, says: "Nor do I see that the question of contempt of court arises in the case. It is simply a liability which the statute creates, and to enforce payment of which it gives this process. It does not depend upon any order of the court, but results simply from the adjudication against the infant plaintiff." It is clear from the reasoning, and the court so holds, that the refusal of the guardian *ad litem* to obey the order of the court directing him to pay the costs in question was in no sense a contempt of the court which made the order. The refusal of the guardian to pay such costs was simply a breach of an obligation which arose under the statute, and which was complete before the court made any order in the summary proceeding. In the State of New York there is a statute in the nature of a *ca. sa.* proceeding which creates and regulates a remedy by attachment of the person, and points out distinctly the cases in which such remedy is available. This statutory remedy is doubtless referred to in the words used in the section in question, *i. e.* "and payment may be enforced by attachment." We have no similar statutory provisions in this state, and consequently the machinery existing in the State of New York for the enforcement of the liability of the guardian by attachment of his person is wholly wanting in this jurisdiction.

See 2 Rev. St. N. Y. marg. p. 534. The arrest and bail statute of this state (Comp. Laws, § § 4944, 4971) is ancillary to a civil action, and has, of course, no application to this case, which is not a civil action, so far as the appellant is concerned, but is a proceeding by motion made on a summary application after judgment in an action between other parties.

We have seen that the courts of New York, in construing the same statute, have held that the failure of the guardian of an infant plaintiff to pay the costs ajudged against the infant does not constitute a contempt of court. We concur in this construction of the statute, and hence must hold that the order appealed from cannot be sustained as an order made in a proceeding instituted to punish a contempt of court. We must conclude therefore that the order of the District Court directing the incarceration of the appellant was without legal warrant. If the refusal of the guardian to pay such costs were an act of a fraudulent or tortious nature he could have been preceeded against by a civil action, and taken into custody under the arrest and bail statute. If not a tortious act, (and we think it was not,) the appellant would be protected from arrest and imprisonment by § 15 of the state constitution, which provides that "no person shall be imprisoned for debt unless upon refusal to deliver up his estate for the benefit of his creditors in such manner as shall be prescribed by law, or in cases of tort, or where there is a strong presumption of fraud." The term "debt," as employed in § 15, *supra*, is manifestly used in a broad sense, and hence will embrace such obligations to pay money as arise upon the law, as well as those which arise upon contract. It is conceded that no similar provision is found in the constitution of the State of New York.

It appears from what has been already stated that the order of the District Court incarcerating the appellant was without any legal warrant, even if made upon the assumption that the act of the guardian in refusing to pay the costs was a. tort. A party guilty of a tort must be procceded against by a civil action, and cannot be summarily dealt with by a mere motion proceeding,

had in an action between other parties. The order appealed from being void in its inception, must be reversed, and the proceeding upon which it was based must be dismissed, and this court will so direct. All concur.