## REYNOLDS v. GREAT NORTHERN RY. CO.

(District Court, E. D. Washington, N. D. January 4, 1913.)

No. 1,347.

INFANTS (§ 116*)—ACTIONS—COSTS—GUARDIAN AD LITEM.

In the absence of statute, to the contrary, the guardian ad litem of an infant plaintiff is personally liable for costs, while such a guardian of an infant defendant is not.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 333–336; Dec. Dig. § 116.*]

At Law. Action by Gail Hamilton Reynolds, by his guardian ad litem, Robert Fairley, against the Great Northern Railway Company. On motion to modify judgment. Denied.

H. M. Stephens and Kenneth Durham, both of Spokane, Wash., for plaintiff.

Charles S. Albert, Thomas Balmer, and Edwin C. Matthias, all of Spokane, Wash., for defendant.

RUDKIN, District Judge. This is a motion to modify a judgment. The sole question presented by the motion is the personal liability of a guardian ad litem of an unsuccessful infant plaintiff for costs.

Section 488, 1 Rem. & Bal. Code of Washington, provides as follows:

"When costs are adjudged against an infant plaintiff, the guardian or person by whom he appeared in the action shall be responsible therefor, and payment may be enforced by execution."

The defendant contends that this statute is made applicable to actions and proceedings in the federal court by section 721 of the Revised Statutes (U. S. Comp. St. 1901, p. 581), which provides:

"The laws of the several states, except when the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

Whether this case is controlled by the local statute or by the general principles of the common law I deem immaterial, for in either case the result will be the same. The general rule undoubtedly is that the prochien ami, next friend, or guardian ad litem of an infant plaintiff is liable for costs, while the guardian ad litem of an infant defendant is not. The reason for this distinction is well stated in Perryman v. Burgster, 6 Port. (Ala.) 99:

"The true ground of distinction between the prochien ami of an infant plaintiff and the guardian of an infant defendant we take to be this: The one voluntarily comes into court, and makes himself a party of record, while the other, without his own agency, is made such, by the court. This distinction does not always hold good, in point of fact, for the guardian ad litem sometimes solicits the appointment; yet the court, in some instances, exerts a coercive authority, and as in these he is not chargeable with costs, for the sake of uniformity, he is held not to be liable in any case."

The rule is thus stated in the Encyclopedia of Pleading and Practice and in the Cyclopedia of Law and Procedure:

"The matter of costs is usually regulated by statute, but it is the general rule that, in an action prosecuted by a next friend for an infant, the infant is not primarily liable for costs of an unsuccessful suit. These must be borne, in the first instance, by the next friend or guardian ad litem, and this very liability has frequently been said to be one of the reasons for the appointment of a next friend or guardian ad litem." 14 Ency. of Pl. and Pr. 1044.

"The next friend or guardian ad litem of an unsuccessful infant plaintiff is as a general rule liable for costs, especially where the suit was needlessly or recklessly brought for the interest of the infant. The guardian ad litem of an infant defendant is not ordinarily chargeable with costs, unless in case of gross misconduct on his part; but it has been held that a guardian ad litem, who appeals on behalf of an infant defendant, is liable for the costs of appeal, where the judgment is affirmed." 22 Cyc. 710.

The rule thus stated is amply supported by the authorities cited. In Vance v. Fall, 48 Iowa, 364, it was held that the next friend of an infant plaintiff is liable for costs, in the absence of a statute providing otherwise. In the course of the opinion of the court, Rothrock, Chief Justice, said:

"At common law, and by the Statute of Westm. 16, 48, and 2 C. 15, an infant cannot sue in his own name, but the action must be brought by his guardian or next friend. The Code (section 2565) provides that an action of a minor must be brought by his guardian or next friend. This is a simple recognition of the common-law rule. The rule always has been, and the Code provides, that 'costs shall be recovered by the successful against the losing party.' Whatever exceptions there may be to this rule need not now be considered. Our statute being merely declaratory of the common law, the question presented by this appeal must be determined by ascertaining the rights of the parties, independent of any statute. It appears that it has almost uniformly been held that the next friend of an infant plaintiff is liable for costs, except in those jurisdictions where such liability is regulated by statute. Schouler's Dom. Relations, 594, and authorities cited in notes; 1 Am. Leading Cases, 325, 329; Bacon's Abridgment, vol. 3, 153. At common law, the next friend of an infant plaintiff was not a competent witness in the action, because of his liability for costs. 1 Greenleaf's Evidence, §§ 347, 391. Code 1851, § 1689, provided that the next friend should be responsible for costs. In the Revision of 1860, and in the present Code, there is no such express provision. It may be said that the repeal of the provision making him liable indicates a legislative intent that there should be no such liability. We think, however, that, as that provision was merely declaratory of the common law, it may well be said it was omitted because the next friend is liable without any statutory enactment."

For the foregoing reasons, I am of opinion that the judgment for costs was properly entered against the guardian ad litem, and the motion to modify the judgment is accordingly denied.