SLOANE and others vs. ANDERSON.

*January 31 — February 20, 1883.*

APPEAL: SETTLEMENT. *(1) When payment not a waiver of right to appeal. (2) Settlement must be clearly established.*
JUDGMENT WITHOUT ACTION. *(3) What a sufficient warrant of attorney. (4) Warrant construed. (5–7) Requisites of affidavit, etc. (8) Authentication of affidavit. (9) Execution for part of debt not due. (10) What errors avoid judgment though defendant owes entire debt.*

1. The rule that payment of a judgment is not a waiver of the right to appeal therefrom or to prosecute error, applies to an appeal from an order refusing to vacate a judgment entered on a warrant of attorney where, because of a release of errors in the warrant, the appellant cannot appeal from the judgment directly.

2. An agreement between the parties, upon payment of a judgment, to settle all litigation in the matter and waive all right of appeal, would probably be enforced; but such agreement should be clearly established.

3. Under sec. 2896, R. S., the "instrument authorizing judgment to be confessed," need not be distinct from the bond or note; and a warrant of attorney printed in fine type under the body of a note, but above the signature, is *held* sufficient.

4. A power of attorney to confess judgment on a note "for such amount as may appear to be unpaid thereon," and to " consent to immediate execution upon such judgment," does not authorize the confession of judgment before the note is due, or for more than is actually due upon it.

5. Where judgment is rendered on *cognovit* under secs. 2895-96, R. S., the complaint, affidavit, answer, and judgment should show whether the debt is due or not, and what part, if·any, is not due.

6. In such case, where the affidavit is not made by the plaintiff himself, the fact that it is made on his behalf must be stated by the affiant under oath in the body of the affidavit; and the affidavit must further show why it was not made by the plaintiff, and the affiant's means of knowledge.   *McCabe v. Sumner*, 40 Wis., 386.

7. The affidavit must also state the amount due or to become due on the note or bond, and that the plaintiff is the holder thereof at the time.   A statement in such affidavit that a certain sum is "justly owing" from the defendant to the plaintiff on the note is insuffi-. cient.

8. When such affidavit is made before an officer out of the state, it must be authenticated in the manner prescribed by sec. 4203, R. S.

9. A warrant of attorney to confess judgment may authorize the attorney to consent to the immediate issuance of execution for the part of the debt not yet due, but unless such consent is given in the answer, or otherwise, execution for that part of the debt is unauthorized and should be set aside.

10. Where there are substantial irregularities in the entry of judgment on *cognovit*, some of which are jurisdictional, the judgment will not be sustained on the ground that no injustice has been done because there is no question but that the defendant owed the entire debt.


APPEAL from the Circuit Court for *La Crosse* County.

On the 28th of September, 1881, judgment was entered against the defendant, without action, upon five promissory

notes, by virtue of a warrant of attorney; and execution thereon was issued on the same day. The substance of the notes, the form of the warrant of attorney, and other facts will appear from the opinion by Mr. Justice ORTON, *infra.* The affidavit annexed to the complaint was as follows:

" Curtis H. Remy, for and on behalf of the plaintiffs, being duly sworn, upon his oath deposes and says:

" That there is justly owing from the defendant to the plaintiffs on account of the annexed notes, the sum of $3,378.28 principal, and $24.62 interest, making a total of $3,402.90, for which sum the said defendant has authorized the confession and entry of judgment. That said notes and power of attorney were executed by the said defendant, in settlement of an account for goods, wares, and merchandise, theretofore sold and delivered by plaintiffs to the defendant. That the affiant is acquainted with the handwriting of the defendant, and the signature to the inclosed notes and powers of attorney is the genuine signature of the said defendant. CURTIS H. REMY.

" STATE OF ILLINOIS, }
  " *County of Cook.* } ss.

" On this 27th day of September personally appeared before me Curtis H. Remy, who made oath to and subscribed the foregoing affidavit. Witness my hand and official seal, this 27th day of September, A. D. 1881.

[SEAL.] " CHARLES A. BERDEL,
" Notary Public, Chicago, Cook Co., Illinois."

On the 8th of October, 1881, the defendant, upon the judgment roll and proceedings in the case and upon affidavits denying, among other things, that he ever consented to the entry of the judgment or executed the warrant of attorney, moved to set aside the judgment and the execution. From an order denying such motion, this appeal is taken.

The cause was noticed for argument and placed upon the calendar of this court for the August term, 1882. The

plaintiffs thereupon moved to dismiss the appeal. The affidavits filed in support of such motion show that the execution issued upon the judgment was levied upon a stock of dry goods belonging to the defendant; that after such levy the defendant made an assignment of all his property, including the goods levied upon, to one Holley; that in order to prevent a sacrifice of the goods by the sale thereof on the execution an arrangement was entered into between the defendant and his counsel and the attorneys for the plaintiffs, by which said assignee gave his notes, payment of which was guaranteed by one Solberg, for the full amount of the judgment and costs; that the levy was thereupon released and the execution returned as satisfied; and it is alleged that such arrangement was understood and intended by both parties to be a final settlement of the matters in litigation. The affidavits filed in opposition to the motion deny that there was any agreement or understanding that the matters in litigation should be finally settled.

For the motion to dismiss there were briefs by *Cameron, Losey & Bunn,* and oral argument by *Mr. Bunn.* They argued, among other things, that payment of a judgment is not a waiver of the right to appeal *because* payment may be enforced by execution; but when a party settles a judgment not by payment in money, which the opposite party would be bound to accept, but by giving the notes of a third person, or obtaining such third person to give his notes, he does something far beyond what could be compelled on execution, and so waives his right to object. The transaction, in such case, amounts *per se* to a settlement. *Thornton v. Woolen Mills,* 41 Wis., 266; *Bank v. Fletcher,* 5 Wend., 88; *Frisbie v. Larned,* 21 Wend., 450; *Cock v. Palmer,* 19 Abb. Pr., 372; *Lanoue v. Bessy,* 5 La. Ann., 233; *Roberts v. Cantrell,* 3 Hayw. (Tenn.), 220; *People v. Stephens,* 52 N. Y., 306. There could be no restitution in this case, for the appellant does not deny the debt. This court could, therefore, grant no relief on

this appeal which the appellant had not already obtained by the voluntary release of the levy and satisfaction of the judgment by the respondents. The costs only are involved, and this is not enough to call into exercise the judicial power of an appellate court. *State v. Sloan*, 69 N. C., 128.

*M. P. Wing*, as attorney, and *I. C. Sloan*, of counsel, *contra*, cited: *Clark v. Ostrander*, 1 Cow., 437; *Dyett v. Pendleton*, 8 id., 325; *Clowes v. Dickenson*, id., 328; *Erwin v. Lowry*, 7 How., 172; *Higbie v. West Lake*, 14 N. Y., 281; *Townsend v. Masterton*, 15 id., 587; *Cogswell v. Colley*, 22 Wis., 399.

The following opinion was filed October 31, 1882:

COLE, C. J. The motion to dismiss the appeal herein must be denied. The appeal is from an order denying a motion to vacate a judgment entered on a warrant of attorney, and to set aside a levy on an execution issued upon such judgment. It appears that after the decision of that motion, by an arrangement entered into, the judgment was paid and satisfied of record by the judgment creditor. This being the case, it is claimed by the learned counsel, who argues in support of the motion to dismiss, that the defendant has obtained all the relief which he asked on his application to vacate the judgment, and ought, therefore, not to have an appeal from the order. The counsel frankly concedes the rule of law to be that payment of a judgment is no waiver of the right to appeal therefrom, or to bring a writ of error to review it. The reason which he gives for this rule is doubtless the true one, namely, that because payment of the judgment may be enforced by execution, a party is not deemed to waive his right to an appeal or writ of error by paying it. But he insists that this rule does not apply here to an appeal from an order refusing to set the judgment aside. We confess we see no substantial reason why the rule should not apply. The supervision which courts exercise on

motion over judgments entered upon warrants of attorney is of an equitable character; and the burden is on the defendant to show some wrong or injustice in the judgment. The rule rests on the release of errors usually found in warrants of attorney. *McCabe v. Sumner*, 40 Wis., 386; *Van Steenwyck v. Sackett*, 17 Wis., 645–657; *Brown v. Parker*, 28 Wis., 21; *Herfurth v. Biederstaedt*, 43 Wis., 633. Consequently the defendant, from the necessity of the case, is compelled, in the first instance, to apply to the court in which the judgment is entered, to set it aside, showing in his application the irregularity or wrong in the judgment of which he complains. He cannot have the benefit of an appeal, or bring error directly upon the judgment, for the reason just given, that there is a release of errors in the warrant of attorney. When, therefore, it is conceded, as the law undoubtedly is, that payment of the judgment is not deemed a waiver of the right to appeal therefrom, or to prosecute error, why should it be said that payment bars the right to appeal from an order refusing to set it aside? On this motion of course we do not look into the merits of the appeal. We are only called upon to determine whether the defendant has waived or lost his right to appeal from the order, because by the arrangement disclosed in the affidavits the judgment has been paid. And our understanding of that arrangement is that the giving of the notes by Holley, the assignee, payment of which was guaranteed by Solberg, was nothing more than a payment of the judgment. It was in effect the same as though these parties had paid the judgment in cash for the defendant. It was claimed that the giving of these notes and releasing the levy amounted under the circumstances to an accord and satisfaction, or an agreement to settle all further litigation. We cannot find any satisfactory evidence in the affidavits that the defendant agreed to stop litigation or not take an appeal from the order. This might well have been the understanding

of plaintiffs' attorneys of the effect of the arrangement; but there is no satisfactory proof that the defendant or his attorney so understood it, or intended to waive any right of appeal. If we were satisfied that the parties by that arrangement mutually intended and agreed to settle all litigation in the matter and waive all right of appeal, a different question would be presented. Such an agreement, if fairly made, would probably be enforced. See *Dyett v. Pendleton*, 8 Cow., 325; *Townsend v. Masterton*, 15 N. Y., 387; *People v. Stephens*, 52 N. Y., 306; *Cock v. Palmer*, 19 Abb. Pr., 372; *Thornton v. Woolen Mills*, 41 Wis., 265. But such an agreement ought to be clearly established, and not made out by way of inference.

*By the Court.*— Motion to dismiss denied.

After the foregoing decision was filed the cause was continued to the January term, 1883, and was argued on January 31st.

For the appellant there was a brief by *M. P. Wing & G. C. Prentiss*, as attorneys, with *I. C. Sloan*, of counsel, and oral argument by *Mr. Wing* and *Mr. B. J. Stevens*.

For the respondents the cause was submitted on the brief of *Cameron, Losey & Bunn*. They argued, *inter alia*, that the supervision which courts exercise over judgments entered on warrant of attorney with a release of errors is of an equitable nature. A party moving to set aside the judgment must show that he has been subjected to some injustice. It is not sufficient for him to point out irregularities or technical errors. *Van Steenwyck v. Sackett*, 17 Wis., 645; *McIndoe v. Hazelton*, 19 id., 567; *McCabe v. Sumner*, 40 id., 386. Even if the affidavit is defective this does not render the judgment void as between the parties. *Riley v. Johnston*, 22 Wis., 285; Freeman on Judg., sec. 557; *Miller v. Earle*, 24 N. Y., 112; *Lee v. Figg*, 37 Cal., 336; *Plummer v. Douglas*, 14 Iowa, 69; *Pond v. Davenport*, 44 Cal., 486. In this

case there was no injustice. The debt is admitted. No injustice was done in the taxation of the five per cent. attorney's fees, for the appellant contracted that, besides the damages, that sum might be recovered. No injustice was done in the matter of time, for the warrant of attorney expressly stipulated for immediate execution on the judgment, and the attorney was authorized to appear at " any time hereafter " and confess judgment, not for the amount *due* on the notes, but for the amount *unpaid* thereon. The stipulation was in the nature of an agreement that the notes might be considered due at any time when the holders elected to enter judgment on the warrant. It is doubtless competent to confess judgment on a claim not due. R. S., secs. 2895, 2896. It is just as competent for the defendant to appear and consent to consider the debt due and stipulate a judgment with the amount all due, although as a matter of fact it is not due by the terms of the note. *Pond v. Davenport*, 45 Cal., 229. Having given the power of attorney and it having been acted on by the other party, he cannot revoke it, and is estopped to complain of acts which he has expressly authorized. *Plummer v. Douglas*, 14 Iowa, 69; *Jordan v. Posey*, 1 How. Pr., 123. Although the affidavit of C. H. Remy is not certified, the court commissioner who signed the judgment, acting on the affidavit as a judicial officer and having jurisdiction to hold it sufficient, adjudged the affidavit good. If wrong in his decision it was mere error, not want of jurisdiction. *Monroe v. Fort Howard*, 50 Wis., 228; *In re Eldred*, 46 id., 530, and cases cited. As mere error, there being a release of errors, and such error not working substantial injustice, the judgment cannot be held void on that ground.

The following opinion was filed February 20, 1883:

ORTON, J. This is an appeal from an order refusing to set aside the judgment and execution for certain errors and irregularities therein.

On the 30th day of August, 1881, the defendant gave the plaintiffs five promissory notes,— the first four for the sum of $663.03 each, payable twenty, forty, sixty, and eighty days from date respectively; and the last for the sum of $726.16, payable three months from date, with eight per cent. interest. Under the body of each note printed in fair type, but above the signature, there is the following power of attorney in very small type: "And to secure the payment of said sum, I authorize irrevocably any attorney of any court of record to appear for me in said court, in term time or vacation, any time hereafter, and confess a judgment without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, with costs and five per cent. attorney's fees, and to waive all errors in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof." Under this power of attorney, attached to each note, judgment was entered upon all of the notes on the 28th day of September, 1881, for the whole sum of the notes, together with the accrued interest and costs, including the five per cent. attorney's fees, amounting in all to the sum of $3,602.04, reciting therein that the judgment was rendered on reading and filing the complaint of the plaintiffs, "the note described therein, with an affidavit of the amount *due* on said note." On the same day an execution was issued on said judgment for the whole of the same, and reciting therein that this whole sum "is now actually due thereon." There was but one of said notes due when this judgment was entered and execution issued.

Both the judgment and execution in this case must stand, if at all, by the authority of the statute, for they are special proceedings outside and in derogation of the common law practice of the courts, and the statute, as well as the pro-

ceedings under it, must be strictly construed. Freem. on Judg., 543, and cases cited in note 2.

1. It is contended by the learned counsel of the appellant that this pretended power of attorney is not sufficient under the statute to authorize the entry of judgment, because it is with the note in one instrument, and should have been a separate and distinct instrument from the bond or note on which the judgment is authorized to be confessed. The revised statutes of 1849, ch. 102, sec. 13, subd. 1, required the authority " to be in some proper instrument distinct from that containing the bond, contract, or other evidence of the demand," etc. Under this statute it was held in *Richards v. Bank*, 12 Wis., 693, and in *Vliet v. Camp*, 13 Wis., 198, that such separate instrument was essential to the power. The revised statutes of 1858 left out this provision, and required only that " the warrant of attorney or instrument authorizing judgment " be produced to the judge, etc., signing the judgment, and be made a part of the judgment roll. Ch. 140, sec. 13. Sec. 2896, R. S. 1878, mentions it only as " an instrument authorizing judgment to be confessed," etc. Although we cannot approve this method of including with the note, over one signature, a power of attorney to confess judgment upon it, and especially in smaller type than the body of the note, because it is well calculated to deceive the unwary, yet we cannot say that it is not an instrument authorizing judgment to be confessed. It is certainly no part of the note, although it very properly refers to it. This radical change in the language of the statute would seem to indicate that the legislature did not intend to any longer require the instrument to be *distinct* from the bond or note in order to be a valid power.

2. The power of attorney does not authorize the confession of judgment before the note is due, or for more than is due upon it. The language, " for such amount as may appear to

be *unpaid* thereon," does not give such authority by the necessary meaning of the word "unpaid," or by any meaning that can be forced by its context. It may be contended that the clause giving the attorney authority to "consent to immediate execution," implies that the debt need not be due. But the only object and purpose of the judgment is stated to be, at the commencement of the power, " to *secure* the payment of said sum; " and, as against that sole object, the attorney is yet given power in his discretion to consent to immediate execution. This construction is a reasonable one, and any reasonable hypothesis may well be entertained against the unusual power to confess judgment for a debt not due. Such a power must be clearly granted and expressed, and not left to mere inference or implication. The word " unpaid " is more commonly and properly applied to a debt *due* than to a debt *undue*, and may at least as well mean a debt due as undue; therefore no power to confess a judgment for a debt undue is even implied by it. In *Dilley v. Van Wie*, 6 Wis., 209, the warrant of attorney authorized the confession of judgment for the amount *appearing* to be due, and the attorney was held to the authority only to confess judgment for the amount *actually* due. See, also, *McCabe v. Sumner*, 40 Wis., 386.

3. It may be that the statute is broad enough to allow a confession of judgment for a debt on a bond or note, when no part of it is due, by the language in sec. 2895, R. S., " either for money due or to become due; " but most certainly the complaint, affidavit, answer, and judgment should show whether the debt is due or not due, or the part due and the part not due. It can only be known by the judgment whether any part of the debt is due, and what part is due and what part is undue, and when those parts or instalments of the debt not due at the time of the rendition of the judgment will become due, so that execution can be issued accordingly, and the judgment must follow the pleadings

and affidavit in these respects.   In respect to issuing execution in cases where the debt is not all due, the statute (subd. 7, sec. 2969, R. S.) provides: "When the debt for which judgment is rendered is not all due, the execution may issue for the collection of such instalments as have become due;" and then authorizes execution whenever any future instalments become due.   The complaint states that the whole amount above stated, and which is the entire sum of all the notes and interest, is due, and demands judgment for that sum.   This statement is false on the face of the complaint, and by the several notes set out therein, but this discrepancy may have been cured by the release of errors.   But this becomes a vital point when the judgment is confessed for the whole amount as due, and the power of attorney did not authorize such a judgment.

4. The affidavit which is annexed to the complaint is fatally defective.   *First.*   It is not made by the plaintiffs, or any one of them, but by a stranger to the case, except as he appears as attorney for the plaintiffs in the complaint.   There must be some evidence that he is authorized by the plaintiffs to make this affidavit in their behalf, or at least that he did make it in their behalf, and there is no proof either that he was authorized so to act for them, or that he did so act. The statute is imperative that this affidavit should be made by some one in behalf of the plaintiffs, and yet no such fact appears in the body of the affidavit.   The capacity in which he makes the affidavit appears only as mere description, in the recital preceding the affidavit, as " Curtis H. Remy, for and *on behalf* of the plaintiffs, being duly sworn," etc. There is no evidence by the affidavit or otherwise that this Mr. Remy was authorized by the plaintiffs to act for them or "in their behalf" in making this affidavit, and it is not even stated by Remy in the body of the affidavit that he was authorized to act or that he did act in their behalf, and of course not so stated under oath.   This affidavit supplies the

place of a jurat to the complaint, and ought at least to be as sufficient for such purpose. *McCabe v. Sumner, supra.* When the statute requires or authorizes some third party to make the affidavit in such matters, the character, capacity, and authority of such person must be stated in the body of it. *Hill v. Hoover,* 5 Wis., 354; *Wiley v. Aultman,* 53 Wis., 560, and cases there cited. *Secondly.* The affidavit does not disclose why the plaintiffs, or some one of them, did not make it, or any means of his knowledge of the facts, except from the mere face of the notes. They may have been paid or transferred. The affiant does not state that he knows what their consideration was, or any fact except that he is acquainted with the handwriting of the defendant and believes the signature genuine. These defects, and the reason of their materiality, are better stated by the learned late chief justice, in *McCabe v. Sumner, supra,* than I am able to state them. *Thirdly.* The affidavit does not state what part of the debt was due or what part undue, or whether any part of it was due, but simply that it was *"justly owing."* The complaint falsely states that it was all due, and much more should the affidavit be specific on this point. But a perfectly conclusive reason why it should so state is that the statute (sec. 2896, R. S.) requires it. The language of the statute is, "stating the amount due or to become due." The phrase *"justly owing"* is evasive, and fails to express anything as to the maturity of the debt. *Whitney v. Brunette,* 15 Wis., 61; *Lathrop v. Snyder,* 16 Wis., 293; *Bowen v. Slocum,* 17 Wis., 181. The requirements of such an affidavit are as mandatory and essential as those in an affidavit for an attachment. *Fourthly.* It is not stated in the complaint or affidavit that the plaintiffs were the *holders* of the notes at the time. This is not only a material averment in suits on promissory notes generally, but the warrant of attorney authorizes a confession of judgment only " in favor of the *holder.*" The notes may have been transferred, for aught stated in the affidavit,

and it does not appear that the affiant had them in his possession, or that he knew that the plaintiff still held them. *Fifthly.* The affidavit is not authenticated, so as to authorize the court commissioner to enter the judgment. The authority of the person who it is pretended administered the oath, is not shown or proved, as required by law, by any certificate of a proper officer, "under the seal of his office, that the person whose name is subscribed to the jurat was, at the date thereof, such officer as he is therein represented to be, and that he believes the signature of such officer to be genuine," etc., as required by sec. 4203, R. S. *Hayes v. Frey*, 54 Wis., 503; *Ely v. Wilcox*, 20 Wis., 523.

5. The warrant of attorney may authorize the attorney to consent that execution might immediately issue for the parts or instalments of the debt in the judgment not due. But no such consent is given in the answer or otherwise, and therefore, if the judgment had been regular for what was due and undue, the execution was for too much, and not authorized, and for that reason should be set aside. The execution recites falsely that the entire amount is due.

*Finally*, in view of all these substantial irregularities, some of which are jurisdictional, the learned counsel of the respondent invokes the equitable rule to protect the judgment, that no injustice has been done because there is no question but that the defendant owed the entire debt, and cites *McCabe v. Sumner, supra*, as authority for such a view of the case. It is sufficient to quote the language of the chief justice in that case, to show the inapplicability of such a rule in this case: "And the affidavit which the statute requires is not a mere form, but goes to substantial rights of the parties." "When judgment is entered up upon warrant of attorney, there is special reason that the complaint should be verified. The statute, however, does not require a formal verification of the complaint; but, evidently as a substitute and equivalent for it, requires the plaintiff, or some one in

his behalf, to annex to the complaint an affidavit *stating the amount due.* For it would not only be dangerous to give judgment in such manner without some proof of the actual debt, and *unjust* to render judgment *for the whole when part only is due,*" etc. There were some other objections made to the judgment and execution, which it is unnecessary to consider, as the above defects and irregularities are amply sufficient to require them to be vacated and set aside.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with direction to enter an order vacating and setting aside both the judgment and execution.