In re Guardianship of Sather: Riley, Respondent, vs. Estate of Sather, Appellant.

*September 10—October 8, 1935.*

The motion was argued by *Bailey Ramsdell* of Eau Claire for the appellant, and by *Harold E. Stafford* of Chippewa Falls, for the respondent.

FRITZ, J.   In denying a motion to dismiss an appeal from a judgment on the ground that the judgment had been paid and satisfied of record, this court said in *Sloane v. Anderson,* 57 Wis. 123, 13 N. W. 684, 15 N. W. 21:

"On this motion of course we do not look into the merits of the appeal. We are only called upon to determine whether the defendant has waived or lost his right to appeal from the order, because by the arrangement disclosed in the affidavits the judgment has been paid. . . . We cannot find any satisfactory evidence in the affidavits that the defendant agreed to stop litigation or not take an appeal from the order. This might well have been the understanding of plaintiffs' attorneys of the effect of the arrangement; but there is no satisfactory proof that the defendant or his attorney so understood it, or intended to waive any right of appeal. If we were satisfied that the parties by that arrangement mutually intended and agreed to settle all litigation in the matter and waive all right of appeal, a different question would be presented. Such an agreement, if fairly made, would probably be enforced. [Citations.] But such an agreement ought to be clearly established, and not made out by way of inference."

To the same effect, see *Chapman v. Sutton,* 68 Wis. 657, 660, 32 N. W. 683; *Plano Mfg. Co. v. Rasey,* 69 Wis. 246, 248, 34 N. W. 85; *Klatte v. Franklin State Bank,* 211 Wis. 613, 625, 248 N. W. 158, 249 N. W. 72.

In the case at bar it appears, without any material conflict in the facts as stated in the affidavits filed, that on July 1, 1935, the guardian, at the request of the respondent, paid the judgment entered in favor of the respondent on June 28, 1935; and that that payment was made voluntarily, without any threat or coercion by the respondent, either directly or indirectly, by any attempt to enforce immediate payment of the judgment (which under secs. 324.02 and 324.04 (2), Stats., would have been stayed, upon perfecting an appeal, without filing any bond for that purpose). But, under the showing made in those affidavits, it does not clearly appear that there was any agreement that the payment was to be in compromise or full settlement of the controversy or claims, or that the incompetent or his guardian was waiving, or intended thereby to waive, his right to appeal. On the contrary, at least in respect to waiver, it appears conclusively that it was neither agreed between the parties nor intended by the guardian that there was to be any waiver of the incompetent's right to have the judgment reviewed on an appeal. At all events, the proofs establish conclusively that the payment was made by the guardian without consulting or informing the incompetent, or his adult daughter, whom the guardian otherwise consulted in respect to her father's affairs, or the attorney who had represented the incompetent's estate in contesting the claim upon which the judgment was entered. Likewise, it appears that express authority to waive the estate's right to appeal from that judgment had never been requested by or granted to the guardian. Under those circumstances, the record does not warrant the dismissal of the appeal; and, therefore, the motion must be denied.

*By the Court.*—Respondent's motion to dismiss the appeal is denied with $10 costs.