DILLON, Respondent, vs. DILLON, Appellant.

*October 13—November 9, 1943.*

*Evan C. Schwemer,* attorney, and *William E. Burke* of counsel, both of Milwaukee, for the appellant.

*Daniel H. Grady* of Portage, for the respondent.

FRITZ, J.  The principal contention of appellant, Thomas J. Dillon, is that his interests in the income and corpus of a testamentary trust created by Charlotte M. Burgess, his grandmother (hereinafter called the "Burgess trust"), is not assignable and cannot be reached for the payment to plaintiff of alimony or the support of his children; and that therefore the court erred in adjudging as follows : ( 1 ) That there is awarded to plaintiff fifty per cent of appellant's income from the Burgess trust as alimony,—pending the final determination of the property rights of the parties,—and twenty-five per cent thereof for the care and support of the minor children, and that out of said income there also shall be paid to plaintiff, as funds become available, $200 to pay her family expenses to October 1, 1942, and $856.05 to reimburse her for money expended by her theretofore for family support; ( 2 ) that to conserve for the use and benefit of appellant and his family his interest in the corpus of the Burgess trust and in a testamentary

trust created under the will of his aunt Emma Kirkpatrick (hereinafter called the "Kirkpatrick trust"), the appellant shall execute an assignment of funds due from the Burgess trust to the clerk of circuit court of Columbia county to the extent and for the purposes for which payments are ordered by the court to be made out of said funds, and shall also authorize and direct the trustees of said Burgess and likewise the trustees of the Kirkpatrick trusts to pay to said clerk such parts of the corpus of said trusts as may eventually become due appellant; and (3) that the court reserves for further determination, when the corpus of the trusts are subject to distribution and appellant's interests therein are paid to the clerk, the question of the final division of property or the allowances to be made to the plaintiff herein as permanent alimony.

In passing upon appellant's contention in relation to those provisions of the judgment it suffices to note the following. Plaintiff and the appellant were married in 1932. Prior thereto the Burgess and the Kirkpatrick trusts were created by wills, each of which was executed in Pennsylvania, where each of the testatrices resided, and there, upon the death of each, her will was duly admitted to probate and the trustees thereunder were duly appointed. In respect to the Burgess trust there are the following provisions:

"No beneficiary receiving under this trust shall have the power of anticipation, alienation, or assignment of any principal or income accruing to such beneficiary from this trust."

"One fourth of the said trust estate shall be held for the use and benefit of Thomas J. Dillon, Jr. The income from such portion to accumulate until said Thomas J. Dillon, Jr., shall arrive at the age of thirty years, at which time, and semi-annually thereafter, until said Thomas J. Dillon, Jr., arrives at the age of forty years, the income is to be paid to him. Upon his arrival at the age of forty years said trustees are hereby authorized and directed to pay to him the balance then remaining in the trust fund held for his benefit."

"In the event of the death of said Thomas J. Dillon, Jr., leaving lawful issue, I direct that said trustee continue to hold the said portion of Thomas J. Dillon, Jr., in trust for his issue, and said trustees are directed to pay such issue, or in its discretion to accumulate, or to expend on or for the benefit of such issue, the net income to which said issue is entitled, until such issue arrives at the age of twenty-one years, and when or as such issue arrives at the age of twenty-one years, I authorize and direct said trustees to pay over to him or her, his or her portion of the estate of his or her parent."

The Kirkpatrick trust was in relation to a fund of $75,000, the income of which is to be received by F. C. Kirkpatrick, testatrix's husband, for and during his life, and upon his death, the trust is to continue for the benefit of certain beneficiaries, including the appellant, or the issue of any beneficiary in case of his death prior to becoming thirty years of age, at which time the beneficiary, if living, is to be paid his share of the trust fund and the accumulated income thereon. There is no provision in the Kirkpatrick will prohibiting a beneficiary from alienating or assigning his interest in the trust estate. The testatrix's husband was still living when the case at bar was tried.

Appellant, in support of his contention that his interest in the income and corpus of the Burgess trust is not assignable and cannot be reached by plaintiff for the payment of alimony or support money, is based upon (a) the above-quoted provision in the Burgess will that no beneficiary under the trust shall have the power of anticipation, alienation, or assignment of any principal or income accruing therefrom, and (b) appellant's reliance on the rule applied in *Schwager v. Schwager* (7th Cir.), 109 Fed. (2d) 754, and similar decisions, which hold that in cases of such spendthrift trusts as were under consideration therein, neither the income nor the corpus of the trust can be reached by the wife of the beneficiary in an action instituted to enforce his obligation for the support and maintenance of his wife and minor children. Appellant claims that

rule should be adopted in this state and therefore, as the law of the forum, it should be applied and held to be controlling in this action. Appellant's contentions cannot be sustained.

The rule applied in the *Schwager Case, supra,* and some other decisions relied upon by appellant, has not been adopted in this jurisdiction; and there is a decided conflict in the decisions in respect thereto and also the circumstances and purport of the particular provisions under which the rule should be held applicable. In the case at bar the provision in question (quoted above) is briefly stated in simple and unambiguous language. To ascertain testatrix's intended meaning and understanding in using that provision, due consideration must be given to the circumstances then attending her and by which she was surrounded and probably influenced, including the important facts that she was a resident of Pennsylvania and that she executed her will and undoubtedly expected her estate to be probated there. In that state the rule has been definitely established by the decisions in *Moorehead's Estate,* 289 Pa. 542, 545, 547, 551, 552, 137 Atl. 802, 52 A. L. R. 1251, and in *Stewart's Estate,* 334 Pa. 356, 359, 5 Atl. (2d) 910, 911, that the interest of a husband who is the beneficiary under a spendthrift trust can be reached in satisfaction of an enforceable claim against him by his wife or children for alimony or support, notwithstanding the following provisions,—which are substantially to the same effect as the spendthrift-trust provision in the Burgess will,—to wit:

"Said trust fund and the income therefrom shall not be liable for the payment of any debts of my said son, nor shall the same be liable to anticipation, execution or attachment in the hands of the said trustee." *Stewart's Estate, supra.*

"I will and direct that neither the income payable to my grandson, William H. Watt, nor the corpus from which the same is derived, shall be liable to or for the contracts or debts of said William H. Watt, or to execution or to attachments at the suit of any of his creditors; but shall be absolutely free

from the same, and he shall have no power to sell, assign or incumber the same or any part thereof, or to in any way anticipate the said income." *Moorehead's Estate, supra.*

In that case the court, in relation to that provision, said,—

"Construing this will then as a whole and giving adequate attention, in conjunction with the examination of its terms, to the circumstances attending testatrix, and which concerned her, we are unable to avoid the conclusion that when she hedged in the trust in favor of her grandson with the restrictive words employed, she had in mind only contracts or debts ordinarily made and incurred in usual contractual or financial transactions. Undoubtedly she meant to create a spendthrift trust. Her purpose in this is manifest, as it is obvious in practically every instance of the creation of similar trusts, viz., to protect the object of her bounty from wasting his income by his extravagance and dissipation. . . . But that it was her intent to deliberately enable him to unlawfully deprive his family of the necessary care, protection, and support which by law he owed them, neither the terms of the will nor the circumstances attending testatrix at the time of making it, permit."

"Public policy is not so vague and wavering a matter as not to be rightly invoked in a case of this character, where the degenerating tendencies of marital relations of the present day are so faithfully exemplified by one who comes into court and demands judicial condonation of his violations of law. In every civilized country is recognized the obligation, sacred as well as lawful, of a husband to protect and provide for his family, and to sustain the claim of the husband in the case at bar would be to invest him with a right to be both a faithless husband and a vicious citizen. This case reaches beyond the concern of the immediate parties to it. It affects the status of the family as being the foundation of society and civilization, and hence in a very certain sense is of wide public concern. 'The marriage contract once entered upon, becomes a relation; rather than a contract, and invests each party with a status toward the other, and society at large, involving duties and responsibilities which are no longer matter for private regulation, but concern to the commonwealth. . . .' " *Coy v. Humphreys,* 142 Mo. App. 92, 125 S. W. 877.

"There is still another great factor to be considered in this case, the legal unity of husband and wife, and it is a unity which must continue to be recognized, however much modern laws enlarge the separate rights and privileges of each. And with this merger of existence and interests, established from the most ancient times in all civilized lands, how can it be claimed that the status of creditor and debtor is established between them, when it is a question of the mutual performance and fulfilment of fundamental duties as husband and wife, which the obligations of humanity impose and the safety of society requires from both?"

The conclusions thus stated are sound and would undoubtedly be considered equally applicable and controlling in interpreting the Burgess trust provision in the Pennsylvania courts. Consequently the rule adopted there, and approved in several other jurisdictions and the Restatement, 1 Trusts, p. 389, sec. 157 (a), after evidently thorough consideration, should be considered to govern in this case the interpretation and effect of that trust provision.

Moreover, in that provision and likewise the spendthrift-trust provisions in the *Stewart* and *Moorehead Cases, supra,* there is no language which expressly prohibits the use for the support of the beneficiary's wife and children of benefits which he is to receive under the spendthrift trust, and there certainly are no such definite and emphatic provisions as were used in creating the trust involved in *Schwager v. Schwager, supra,* to expressly exclude the first wife and children of the testator's son Leon from receiving anything whatsoever under the testator's will. In view of the material differences in those respects between the case at bar and such cases as *Schwager v. Schwager, supra,* which are relied upon by appellant, the latter are clearly distinguishable and are not in point on this appeal.

Appellant further contends it was beyond the power of the court to include in the judgment the provisions that require appellant to execute an assignment to the clerk of the court, to the extent and for the purposes adjudged by the court, of

the funds which will become due appellant from the Burgess trust; and that also require him to authorize and direct the trustees of the Burgess and the Kirkpatrick trusts to pay his share of the corpus of the trust funds to the clerk for those purposes.

As to those contentions, plaintiff claims they cannot be considered and that the appeal must be dismissed because appellant, after taking his appeal, fully complied with those provisions of the judgment by executing and delivering to the clerk the required assignment and directions for the use and purposes stated in the judgment. Plaintiff's claim cannot be sustained. There are other questions to be decided on the appeal, in addition to the issue as to the assignability of the trust funds. Furthermore, there is nothing in the record to indicate that the giving of the assignments and directions after the appeal was taken discloses any agreement or intention on the part of the appellant to waive his right of appeal. As the court said in *Sloane v. Anderson,* 57 Wis. 123, 129, 13 N. W. 684, 15 N. W. 21, "Such an agreement ought to be clearly established, and not made out by way of inference." Consequently, in the absence of satisfactory evidence that appellant agreed to stop the litigation or intended to waive his appeal or right thereto, it cannot be dismissed. *Sloane v. Anderson, supra; Guardianship of Sather,* 219 Wis. 172, 262 N. W. 717.

However, appellant's contention that it was beyond the court's power to include in the judgment the provisions requiring appellant to make the assignment and give the directions in question cannot be sustained. As the learned circuit judge rightly found and concluded that appellant's interest in the trust funds could be used and resorted to for the purpose of providing for the support and maintenance of his wife and children, it was within the court's power under secs. 247.26, 247.30, and 247.31, Stats., to require in the judgment the assignment and directions ordered to be given by appellant for the purpose of conserving and rendering his interests in the

trust funds available for such support and maintenance out of his property, as the nature of the case rendered suitable or proper;—"having always due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties and all the circumstances of the case." Sec. 247.26, Stats. By sec. 247.31, Stats., the court is authorized to appoint a trustee, when deemed expedient, to receive any money adjudged to the wife upon trust and to pay over the income thereof for the maintenance of herself and the minor children; and to pay over the principal or interest in such proportions and at such times as the court shall direct. Sec. 247.26, Stats., provides that the court "may further adjudge to the wife such alimony out of the estate of the husband, for her support and maintenance, and such allowance for the support, maintenance, and education of the minor children committed to her care and custody as it shall deem just and reasonable, and the *court may finally divide and distribute the estate,* both real and personal, *of the husband* and so much of the estate of the wife as shall have been derived from the husband, between the parties and divest and transfer the title of any thereof accordingly." And sec. 247.30, Stats., authorizes the court to provide in all cases where alimony or other allowance shall be adjudged to the wife or for the maintenance of the children, that "the same shall be paid in such sums and at such times as shall be deemed expedient, and may impose the same as a charge upon any specific real estate of the party liable or may require sufficient security to be given for the payment thereof according to the judgment." Under those statutes it was clearly within the court's power for the purpose of having sufficient security, in view of the particular circumstances in this case, for the payment of the alimony and support money, to order appellant to assign and direct the payment of the trust funds to the clerk of the court to be held by him in a trust capacity for making current payments for alimony and support money, and also

for the payment of such amount as may thereafter be adjudged to the wife as a final division and distribution of appellant's estate, in lieu of the court appointing for the purpose of acting in such capacity some other party as trustee, as could have been done by the court under sec. 247.31, Stats.

Neither can there be sustained appellant's contention that the court was not authorized to provide in the judgment that after the required payment of the corpus or a part thereof to the clerk of the court, either party may apply "for a determination of the question of final property division or allowance of permanent alimony to the plaintiff herein." When the judgment was ordered there could not well be determined the extent and value of the trust assets to which appellant would become entitled. Neither were such assets then available nor could they then be the subject of division, in view of provisions in the Burgess will, which provided for the inheritance of the assets by the children of appellant if he died before arriving at the age of forty; and of provisions in the Kirkpatrick will which provided for the continuance of the trust during at least the life of the testatrix's husband. Consequently, there presently could not well be any provision otherwise than for alimony and support money, with the reservation for the determination of the question as to a final division of property if and when that becomes possible. Moreover, under sec. 247.26, Stats., as amended by ch. 379, Laws of 1935, the court may in a judgment of divorce adjudge the payment to the wife of alimony and an allowance for the support, maintenance, and education of the minor children, and also adjudge a final division and distribution of the estate of the husband. Thus a judgment may provide for both alimony and final division of property. *Gray v. Gray,* 240 Wis. 285, 3 N. W. (2d) 376. In sec. 247.32, Stats., which provides that the court may from time to time revise or alter the provisions in a judgment for divorce relating to "the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and

payment of the principal and income of the property so held in trust, and may make any judgment respecting any of the said matters which such court might have made in the original action," there is also the further provision: *"But when a final division of the property shall have been made* under the provisions of section 247.26 *no other provisions shall be thereafter made for the wife."* Although this last sentence expressly prohibits making any other provision for the wife when a final judgment shall have been made under sec. 247.26, Stats., it is evident from the above-quoted preceding provisions in sec. 247.32 that until such final division has been so adjudged, the court "may make any judgment respecting any of the said matters which such court might have made in the original action." Consequently, as until such a final division has been adjudged, the court may, even in the absence of an express reservation for that purpose in the initial judgment, thereafter adjudge a final division, it was certainly not beyond the court's power to expressly reserve for further consideration and determination the question of a final division of the property or the allowances to be made to plaintiff herein as alimony.

Appellant also contends that the provision in the judgment for the payment of $856.05 to plaintiff is unreasonable. The payment of that amount was to reimburse her for money expended by her to support the family, in addition to $200 ordered to be paid to her for family expenses in the immediate future. Appellant claims that the payment of those amounts, together with seventy-five per cent of his income thereafter from the Burgess trust, which the court also ordered to be paid for the support of the wife and children, would result, if paid out of the year's income of about $1,900, in a deficiency of over $600, and leave nothing for appellant until the third quarter of the second year. However that may be, the provision requiring the payment of $856.05 cannot be reviewed or disturbed or the reasonableness thereof determined because, in the absence of any bill of exceptions, there is virtually no

evidence in the record, except the provisions creating the trusts under the Burgess and Kirkpatrick wills, and, consequently, in the absence of the evidence on that subject we cannot determine whether the court's order was unwarranted.

It follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.